(50 Misc. Rep. 428.)

### KETTELL v. BAXTER et al.

(Supreme Court, Special Term, New York County. May, 1906.)

1. WILLS—CHARGE ON REALTY.

Testatrix devised her entire estate to her executor, and to another a legacy which she provided should be reserved out of the "said devise and bequest." *Held*, that on deficiency of assets to pay such legacy it became a charge on her real estate.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 2113–2116.]

2. DEEDS—CONSTRUCTION—GRANTEES—ADOPTED CHILD—STATUS AS HEIR AT LAW.

Where an estate for life is given in a deed of trust to the grantee, with remainder to her heirs at law, her adopted daughter has no interest in the remainder.

Action by Rebecca Kettell, individually, against Emma Baxter and others, for partition. Judgment for plaintiff.

Herman W. Schmitz, for plaintiff.
Strong & Cadwalader, for defendant Emma Baxter.
Giffard A. Nelson, for defendants Ruth Kettell and Frederick Kettell.
Alfred L. Marilley, for defendants Bertrand Kettell and Arline Dean.
W. C. Reddy, for defendant Ida F. Kettell.
Gross & Sneudaira, for defendant Thomas P. Kettell.
R. B. Honeyman, for defendant Paul Kempsmith.
A. Burton Reed, for defendant Laura Wendell.
Julius M. Mayer, Atty. Gen., for the People.

LEVENTRITT, J. Sarah R. Hall, in her lifetime, was seized in fee of an undivided one-half of the premises sought to be partitioned. In the remaining one-half she had a life estate under a deed of trust, the remainder over being given to her "heirs at law" in the event of her death without issue or husband. Sarah R. Hall died, leaving neither issue nor husband. By her will she left all of her estate, both real and personal, including the undivided one-half of the premises in question of which she was seised in fee, to Herbert Kettell, excepting and reserving the sum of $20,000, bequeathed to one Eliza A. Reich. The estate consisted of personal property insufficient in amount to satisfy that bequest and of the real property sought to be partitioned, together with an unsubstantial interest in certain other realty. The defendants, Emma Baxter, a half-sister, and Laura C. Wendell, the adopted daughter of a predeceased sister of Sarah R. Hall, claim under the deed of trust, as the only heirs at law of Sarah R. Hall, the remaining one-half of the premises.

The questions are presented: First. Is the undivided one-half of the premises devised to Herbert Kettell subject to the payment of the legacy to Eliza A. Reich? Second. Is Laura C. Wendell, the adopted daughter of a predeceased sister of Sarah R. Hall, entitled to share under the deed of trust with Emma Baxter the remaining undivided one-half of the premises? The contention is undoubtedly correct that the rule which governs the disposition of the first question is that, in the absence of specific direction in the will, it must appear, in order to charge real estate with the payment of legacies, that, at the time of the execution of the will, the personalty was and was known to the testator to be grossly insufficient to satisfy such legacies. Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717; Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054. But here that rule does not apply as there is specific direction both in the will and the codicil. In unmistakable terms the whole estate is charged with the payment of the Reich legacy. Paragraph "Fourth" of the will reads: "I give, devise and bequeath to my executor hereinafter named all my estate, real, personal and mixed, wheresoever situated and of whatsoever name, nature or kind," and thereout a trust fund of $20,000 is set aside for the benefit of one Reich. The residue of the estate, including that trust fund in default of testamentary disposition thereof by said Reich, is devised to Herbert Kettell. By the codicil the testator, after ratifying and confirming the devise of the entire estate to the executor "except as to the trust provisions," adds that said devise "shall be absolute and subject to no trust or condition whatever, except that the sum of twenty thousand dollars shall be excepted and reserved out of said devise and bequest; which said sum of twenty thousand dollars, hereby excepted and reserved, I do hereby give and devise and bequeath to said Eliza A. Reich her heirs and assigns forever. * * *" Thus has the testatrix clearly expressed an intention that the Reich legacy should be "excepted and reserved" out of, and made a charge upon her entire estate "real, personal, and mixed, wheresoever situated and of whatsoever name, nature or kind." The will and codicil, therefore, answer the first question; but to solve the second, we must look to the trust deed and determine the status of

Laura Wendell. By that deed only "the heirs at law" of Sarah R. Hall are vested with the remainder. Is the adopted daughter of a predeceased sister of Sarah R. Hall an heir at law?

Laura Wendell was adopted in 1872 under the laws of Pennsylvania (Laws 1855, Pa. P. L. 431, § 7), and she invokes that statute to fix her status. The property involved, however, is located in this state. That fact commands the application of our laws. Section 64 of the domestic relations law (Laws 1896, p. 227, c. 272) defining the rights of foster parents and adopted children, provides:

"The foster parent or parents and the minor sustain toward each other the legal relation of parent and child and have all the rights, and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting."

Adoption is the taking of a stranger in the blood as one's own child. The proceeding of adoption and the relation established is personal to the foster parent and child. The statute gives to them all the rights to be derived from the legal relation of parent and child, including the "right of inheritance from each other." The right is not given, however, either expressly or by implication, to the child, to inherit through the foster parent from his collateral kin. In other words the child becomes heir only to the foster parent. This right of inheritance flows from the artificial relation established at the request of the one and with the consent of the other. The adoption proceedings perpetuate the desire of the parent that the child shall be his heir. But a stranger to the adoption proceedings, who has never recognized the existence of any artificial relation, should not have his property diverted from the natural course of descent. The claim of Laura Wendell that, as an adopted daughter of a predeceased sister of Sarah R. Hall, she became an heir at law of Sarah R. Hall, fails, unless it finds clear support in the statute. Heirship from a source so remote must be grounded in statute and cannot be implied. If the foster mother of Laura Wendell had survived Sarah R. Hall, then Laura Wendell would have shared equally with Emma Baxter in the property under partition; but, as Sarah R. Hall was the survivor, Laura Wendell acquired no interest. Meader v. Archer, 65 N. H. 214, 23 Atl. 521; Quigley v. Mitchell, 41 Ohio St. 375; Moore v. Moore's Estate, 35 Vt. 96; 27 Am. & Eng. Ency. of Law (2d Ed.) 334.

Submit, within five days, findings and an interlocutory judgment, directing partition in accordance with these views.

Judgment accordingly.