To a similar effect are other cases: Mayor v. Gorman, 26 App. Div. 191, 49 N. Y. Supp. 1026; Matter of Comesky, 83 App. Div. 137, 81 N. Y. Supp. 1049; Sherman v. McKeon, 38 N. Y. 266; Vose v. Cockcroft, 44 N. Y. 415; People v. Fire Association of Phil'a, 92 N. Y. 311, 44 Am. Rep. 380; Seneca Board of 'Sup'rs v. Allen, 99 N. Y. 532, 2 N. E. 459; Beetson v. Stoops, 186 N. Y. 456, 79 N. E. 731.

---

(63 Misc. Rep. 624.)

## In re HAIGHT.

(Surrogate's Court, Dutchess County. June, 1909.)

WILLS (§ 499*).—CONSTRUCTION—DESIGNATION OF BENEFICIARY—NIECE.

　　Where testator gave the residue of his estate to his "nephews and nieces (children of my brothers and sister) share and share alike," it will be presumed that he intended nephews and nieces by birth, and not an adopted daughter of a deceased brother, in the absence of knowledge by him of the fact of such adoption.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1067; Dec. Dig. § 499.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judicial settlement of accounts of Adelbert Haight, as executor of Daniel Hyatt, deceased. On objections to account. Decree ordered.

Charles Morschauser, for executor.

Harry Barker, for Hudson River State Hospital.

Allison Butts, for claimant Lucy Barlow.

John F. Ringwood, special guardian for Albert Hyatt.

Charles F. Bishop, for James H. Du Bois.

Henry E. Losey, for Francis E. Du Bois.

George Overocker, for State Comptroller.

HOPKINS, S. The question presented for determination in this matter is: Does Lucy Barlow, a legally adopted daughter of one Jonathan Hyatt, a brother of the testator, share in the distribution of the real and personal property of the testator, with his natural born nephews and nieces, under the terms of the will? The provision of testator's will under which this controversy arises reads as follows:

"Fourth. I give, bequeath and devise all the rest, residue and remainder of my estate, both real and personal to all my nephews and nieces (children of my brothers and sister), share and share alike."

At the time of Hyatt's death he had the following nephews and nieces related by blood, viz.: Fred, Bert and Mary Hyatt, children of his deceased brother James; and James H., Henry and Francis E. Du Bois, children of his sister Mary. His brother Jonathan, who is still living, had no children, except an adopted daughter, Lucy Barlow, the claimant upon this accounting for a share of testator's residuary estate. In arriving at a decision I have disregarded all parol evidence, except that which relates to the testator's knowledge as to the fact of Lucy Barlow's adoption by his brother Jonathan, and have endeavored to draw from the language of the will, aided by such evidence and the circumstances surrounding the testator at the time of its execution, his intention as to who were to be objects of his bounty, and whom he desired to have his property, and as to whether it was his intention to include or exclude her from participation in his estate. That the gift was to a class there is no dispute. That Lucy Barlow came within this class is disputed. As between foster parent and adopted child the statute gives the right of inheritance, each from the other (Dom. Rel. Law [Laws 1896, p. 227, c. 272, as amended by Laws 1897, p. 333, c. 408, § 1] § 64), and this right has been upheld in numerous cases. But this right has never been extended, by statute or by judicial interpretation, to the child to inherit from the collateral kin of the foster parent (Kettell v. Baxter, 50 Misc. Rep. 428, 100 N. Y. Supp. 529); and, while this is not a case of intestacy, yet the question of inheritance has much to do with determining the claimant's right under this will, in the light of the testator's knowledge of her relations to his brother. The law favors construction which will not tend to the disinheriting of heirs, unless the intention to do so is clearly expressed, so that the property will go to those who are related in blood to the testator, rather than to those who would take nothing from the testator as heir or next of kin in case of intestacy. Scott v. Guernsey, 48 N. Y. 106–120; N. Y. Life Ins. Co. v. Viele, 161 N. Y. 11, 55 N. E. 311, 76 Am. St. Rep. 238.

It clearly appears that testator never recognized the existence of any artificial relation of parent and child between Jonathan and Lucy. In fact, he did not know that she was legally adopted, but understood and believed that she was not. In the light of his knowledge at the time of the preparation of the will and the incidents occurring at that time, it appears that he did not intend to give the claimant any portion of his estate, and that he was satisfied from the knowledge he possessed that the language of the will would exclude her as a legatee, and his property be divided among the children born to his "brothers and sister" as he evidently intended. I believe that, when he desired his property to go to his "nephews and nieces," he intended those persons who held such relation by the operation of usually recognized relations in society, and that it would be contrary to the wish and intention of the testator for me to read into the will any language or to draw therefrom any inference which would include the claimant within its provisions. It seems to me that had the testator intended Lucy Barlow to be one of his beneficiaries he would have expressly mentioned her as such, because the only natural inference that can be drawn of the state of mind of the testator at the time the will was executed is that she would not take under its provisions, showing clearly to me that his express intention was to exclude her as a beneficiary.

My conclusion therefore is that Lucy Barlow should be excluded in the distribution of this estate.

Let a decree be entered accordingly.

Decreed accordingly.