Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARION I. WINKLER, Adopted Daughter, Respondent, for Compensation under the Workmen's Compensation Law for the Death of JOSEPH J. ULLINGER, *v.* NEW YORK CAR WHEEL COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, December 28, 1917.

Workmen's Compensation Law — adopted child not an heir at law and next of kin of father of adopting parent — such child not entitled to award upon death of father of adopting parent — Domestic Relations Law, section 114, construed.

A legally adopted child of the daughter of a deceased employee, who was dependent upon him at the time of the accident, is not an heir at law and next of kin of the deceased, so as to be entitled to an award under the Workmen's Compensation Law.

Under section 114 of the Domestic Relations Law, an adopted child by reason of such adoption does not become an heir at law and next of kin of the father of its adopting parent.

KELLOGG, P. J., dissented.

APPEAL by the defendants, New York Car Wheel Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 6th day of July, 1917.

*Bertrand L. Pettigrew* and *Walter L. Glenney,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

SEWELL, J.:

Joseph J. Ullinger, deceased, was employed by the New York Car Wheel Company, and while working for his employer he received injuries which resulted in his death.

The Commission found that he left no surviving wife or child under the age of eighteen years, but left him surviving the claimant, Marion I. Winkler, aged nine years, a legally adopted child of the daughter of said Joseph J. Ullinger, who was dependent upon the deceased at the time of the accident, and awarded compensation to her under section 16 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622).

The only question for determination upon this appeal is, whether the claimant was entitled to receive compensation as the grandchild of the deceased. In other words, does an adopted child by reason of such adoption become an heir at law and next of kin of the father of its adopting parent.

Subdivision 11 of section 3 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622)* provides that " ' Child ' shall include a posthumous child and a child legally adopted prior to the injury of the employee; and a stepchild dependent upon the deceased." The decision of the

---

* Since amd. by Laws of 1917, chap. 705, so as to include an " acknowledged illegitimate child."— [REP.

question presented must, therefore, depend upon the construction of section 114 of the Domestic Relations Law (Consol. Laws, chap. 14 [Laws of 1909, chap. 19], as amd. by Laws of 1916, chap. 453). By force of that statute a foster parent and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, " and such right of inheritance extends to the heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting,    *    *    *."

It is apparent, from the provisions of this statute, that the adoption does not change the law of descent and distribution as to the property of the ancestors of the foster parent; that the right of inheritance is extended only as between the foster parent and adopted child, and between the children of the adopted child and the foster parent; that while the adopted child, for the purposes of inheritance, becomes and is the lawful child of the adopting parent, the statute does not provide that it shall become his child, or make it the heir at law or next of kin of his father or of any of his collateral relatives. The identity of the child is not changed. It is given the right to inherit as a child without being a child, and that is as far as the statute goes. There is nothing in the statute to lead to the belief that it was the intention of the Legislature to permit one to adopt heirs for third persons.

Without something in the statute clearly indicating that the Legislature intended such a provision it cannot be arbitrarily inferred by the courts to give effect to an assumed object or purpose of a statute. Consanguinity is so fundamental in statutes of descent and distribution that it may only be ignored when courts are forced to do so, either by the terms of express statute or by necessary implication.

It follows that the award should be reversed and the claim dismissed.

All concurred, except KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.