MARY F. RYAN and ANNIE S. BRIODY, Plaintiffs, *v.* FRANK SEXTON, Individually and as Administrator of the Estate of MATTHIAS J. FOHEY, Deceased, and JOHN SEXTON, Defendants.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

Decedents' estates — heirs at law of an adopted child — Decedent Estate Law, § 88 — Domestic Relations Law, § 114.

Decedent had been legally adopted by the sister of his mother, both of whom he survived; he died intestate the owner of real estate which came to him by descent from his father. The intestate left him surviving no descendants,

brother or sister or descendants of them. The plaintiffs are his cousins, being children of the sister of his father. The defendants are his uncles, being brothers of his deceased mother and his deceased foster-mother. *Held,* that section 88 of the Decedent Estate Law does not apply, as section 114 of the Domestic Relations Law provides that the right of inheritance extends to the adopted person's heirs and next of kin, and defines such heirs and next of kin to be the same as if he were the legitimate child of his foster parent, and that the heirs of the intestate by virtue of this statute are the same as they would be if he was the real son of his foster-mother and these persons are the uncles on the mother's side.

Philip A. Brennan, for plaintiffs.

Charles C. Coster, for defendants.

CROPSEY, J. The basic question is " are the plaintiffs heirs at law of Matthias J. Fohey and entitled to share in his real property?" Matthias J. Fohey died owning real estate which had descended to him from his father. He died intestate, leaving no descendants and no father or mother, brother or sister, or descendants of them. The plaintiffs are his cousins, being children of the sister of his father. The defendants are his uncles, being brothers of his deceased mother. If nothing more appeared, upon these facts, the plaintiffs would be entitled to the real property to the exclusion of the defendants, as the property came to the deceased through his father. Decedent Estate Law, § 88.

But the deceased had been legally adopted by the now deceased sister of his mother, and so the defendants are also the heirs at law of his foster-mother. The question is upon the effect of his adoption. It seems to be conceded that if the foster-mother was alive she would take the real property to the exclusion of the plaintiffs. But it is contended that, inasmuch as the foster-mother died before the deceased, the

property having come from his father should go to the collaterals on his father's side rather than to the collaterals on his foster-mother's side. The question must be determined by reference to the statute. Whatever rights or obligations arise by virtue of an adoption so arise only if and when prescribed by statute. So that if the provisions of section 88 of the Decedent Estate Law do not apply, it must be because of some other provision of statute that brings about a different result.

Section 114 of the Domestic Relations Law deals with the effect of adoption. It provides that after adoption the parents of the person adopted are relieved from all responsibility for the child and have no rights over it, nor "to his property by descent or succession." The rights of inheritance and succession of the person adopted from his natural parents remain unaffected. The foster-parents and the adopted person are given "the right of inheritance from each other," and that right is extended to the heirs and next of kin of the adopted person, "and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting." Then follows an exception that does not apply here. This statute does not take away any right of inheritance from the person adopted. It expressly states that that right from his natural parents remains unaffected, and his right to inherit from his own brother or sister not being taken away still continues after adoption. *Matter of Landers,* 100 Misc. Rep. 635. Certain rights of inheritance are given to the adopted person — the right to inherit from the foster-parent, but where a remainder in an estate was to go to the heirs at law of the life tenant, the adopted daughter of a predeceased sister of the life tenant is not entitled to take, although if her foster-mother had

been alive she would have been one of the heirs. *Kettell* v. *Baxter,* 50 Misc. Rep. 428. And this for the reason already mentioned, namely, that the statute did not cover such a case and gave no such right of inheritance. But upon the death of the adopted person the statute does prescribe that the right of inheritance extends to that person's heirs and next of kin, and defines such heirs and next of kin to be the same as if he were the legitimate child of his foster-parent. So the heirs of the deceased by virtue of this statute are the same as they would be if he was the natural son, that is, the son born in lawful wedlock, of his foster-mother. Those persons are the defendants. This very point has been decided by the Court of Appeals. *Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101. And while that case involved only personal property, that fact does not make this case distinguishable from it for section 114 expressly relates both to " heirs *and* next of kin."

There is nothing in this holding that conflicts with *Matter of Leask,* 197 N. Y. 193. That case came within the exception specifically mentioned in section 114. Nor does *Winkler* v. *New York Car Wheel Co.,* 181 App. Div. 239, apply. There an adopted child of a daughter of an injured workman was held not to be entitled to share under the Workmen's Compensation Law, that she was not an heir or next of kin of the injured person. Nor in deciding this question is it material whether the adoption took place before or after the death of the natural parents. The heirs and next of kin of an adopted person have been defined by statute. If the legislature intended to except a case where the property of the adopted person came to him from his natural father, it should have so provided. It has not done so. Instead, it has used general language which must be deemed controlling in

Supreme Court, July, 1919.        [Vol. 108.

this as in every other case, although the reason that is supposed to underlie the exclusion of a natural father from all rights of inheritance might not apply to a situation such as is here present.

Judgment for defendants, with costs.