MARY F. RYAN and ANNIE S. BRIODY, Appellants, v. FRANK SEXTON, Individually and as Administrator, etc., of MATTHIAS J. FOHEY, Deceased, and JOHN SEXTON, Respondents.

Second Department, March 5, 1920.

**Parent and child — adoption — death of adopted child leaving real property — when heirs of foster parents inherit to the exclusion of heirs of natural parents — imbecility of minor at time of adoption — consent of minor over twelve years of age essential to adoption — imbecile incapable of consent.**

Where an infant became the sole owner of real property on the death of his parents and was thereafter adopted by a sister of his natural mother, and after the infant's realty had been sold by order of the court, the infant and his foster mother both died intestate, the proceeds of the sale, which retain the character of realty for the purpose of descent, passed to the heirs of the foster parent and not to the heirs of the child's father from whom the lands were derived, assuming that the adoption was valid.

But, although the complaint of the heirs of the natural father alleged a legal adoption, they should have been allowed to amend their complaint so as to contest the validity of the adoption where the original complaint in fact alleged that the child had been an imbecile from birth and that he was over twelve years of age at the time of the adoption, so that he was legally incompetent to give a personal consent thereto as required by the Domestic Relations Law.

Subdivision 1 of section 111 of the Domestic Relations Law, relating to adoptions, imperatively requires the consent of the minor to the adoption where he is over twelve years of age.

Under the circumstances aforesaid the Appellate Division will grant a new trial and the motion to amend the complaint so as to omit all reference to the adoption.

*It seems*, that under the circumstances the equities are with the heirs of the child's natural father from whom the real property was derived.

KELLY, J., dissents.

Second Department, March, 1920.            [Vol. 191.

APPEAL by the plaintiffs, Mary F. Ryan and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 14th day of August, 1919, upon the decision of the court rendered after a trial at the Kings County Special Term, and also from an order entered in said clerk's office on the 15th day of August, 1919, denying plaintiffs' motion for leave to amend their complaint and to reopen the trial

*George W. Matheson,* for the appellants.

*Charles G. Coster,* for the respondents.

MILLS, J.:

This action was brought by the plaintiffs to recover a certain fund, the proceeds of the sale of certain real estate in infancy proceedings, still claimed in law to be real property, upon the contention that the plaintiffs are the heirs of the deceased infant owner.

The main question involved upon this appeal is that of the descent of certain real estate of an adopted child who died intestate, as between the rival claims of the plaintiffs on one hand, who are the children of the deceased sister of the deceased natural father; and of the defendants, who are the brothers of the deceased foster mother who alone adopted the child.

The material facts may be briefly stated thus: The child was born on May 22, 1896. His natural father died intestate on August 24, 1900, seized of certain real property in Brooklyn and leaving him surviving a widow and a son, the said child. The natural mother died January 1, 1907, and thereupon the child became the sole owner of said real property. Thereafter in certain infancy proceedings the real estate was sold and the proceeds thereof amounting to about $22,000 placed in the care of the Nassau Trust Company as general guardian of the child. On March 11, 1912, when the child was sixteen years of age, a sister of the deceased natural mother in a proceeding in the Kings County Surrogate's Court adopted the child. On September 14, 1917, in proceedings taken by the foster mother an order was made by this court at the Kings Special Term appointing the foster mother committee of the person

and the Peoples Trust Company committee of the property of the said child, who from his early childhood had been an imbecile. The foster mother had no independent resources and was paid out of the child's funds for his support. She died intestate on May 29, 1918, and the child died intestate on October 22, 1918.

Upon the trial no question was made but that the adoption proceedings were legal and effective; but the sole question was as to the effect of the adoption statute as applied to the situation. The case was submitted to the trial justice upon briefs; and after a time he handed down his opinion indicating that his decision would be in favor of the defendants and giving his reasons therefor. (108 Misc. Rep. 224.) Thereupon, and before any formal decision was made, the plaintiffs upon an affidavit and order to show cause moved before the same justice at the same term for leave to amend their complaint so as to contest the validity of the said adoption upon the ground that the child being then over twelve years of age there could be no valid adoption without his consent and that he then being an imbecile could not give any consent; but the trial justice denied that motion in a very brief memorandum and an order to that effect was duly made and entered.

This appeal, therefore, presents here for consideration and determination two questions, viz.: (a) Which party, the plaintiffs or defendants, are the legal heirs of the deceased child as to said real estate, the proceeds thereof being still in law to be regarded as real estate; and (b) if the defendants are such heirs should the learned justice at Special Term in the exercise of a wise discretion have granted the motion to amend and opened the trial so as to permit the litigation of the question of the validity of the adoption proceedings.

As to the first question, the contention of the appellants, the plaintiffs, is that as to this situation section 88 of the Decedent Estate Law, which provides in effect that, in case of such an intestacy, real estate which came to a decedent as this did by inheritance from his father's side goes solely to the relatives upon that side, prevails over the provision of section 114 of the Domestic Relations Law (as amd. by Laws of 1915, chap. 352, and Laws of 1916, chap. 453), which provides that in case

of adoption the heirs and next of kin of the adopted person " shall be the same as if he were the legitimate child of the person adopting;" whereas the contention of the respondents, the defendants, is that that provision of the adoption statute in said section 114 prevails over said section 88 and in this case prevents the relatives of the natural father from being heirs at all of the deceased adopted child. The learned justice at Special Term sustained the contention of the respondents and in his opinion rested his conclusion largely upon the authority of the recent decision of the Court of Appeals in *Carpenter* v. *Buffalo General Electric Co.* (213 N. Y. 101). In that case a young man who had been legally adopted by a maternal aunt was killed in an accident and the question to determine was who were his heirs and next of kin, and therefore, entitled to recover damages for his death if caused by the negligence of the defendant. He died unmarried, leaving no issue and no relative except his natural father, a brother and two sisters of his foster mother who had predeceased him. The situation there was precisely the same as here except (a) that the natural father there was living, (b) that the property was personal, and (c) that, therefore, the question was as to the next of kin and not as here as to heirs. The Court of Appeals unanimously held that the words of said section 114 were exclusive and that the next of kin of the adopted child were precisely the same as they would be had he been the legitimate child of the adopting parent, the deceased foster mother. (*Carpenter* · v. *Buffalo General Electric Co., supra,* 107.) The justice at Special Term in his opinion here points out that in said section 114 no distinction is made between heirs and next of kin, viz., " and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting." This construction seems to be sound and necessary. The several cases cited by the learned counsel for the appellants go no further than to strictly construe and apply the adoption statute and, therefore, to-hold that the adopted child is not by the adoption made an heir or next of kin of the relatives of the foster parent; *e. g.,* in *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239) the adopted child of the daughter of a deceased employee was not the heir or next of kin of the deceased employee.

My conclusion, therefore, is that the court at Special Term

disposed correctly of the question of law involved, that is, the right of inheritance under the statutes as between these rival parties, upon the assumption that the adoption was legal.

As to the second question presented, the respondents' counsel opposed the motion at Special Term upon the grounds that the proposed amendment of the complaint would introduce a new cause of action and that the plaintiffs, by declaring in the complaint that the adoption was legal and going through the trial up to and including the submission upon that theory, had irrevocably elected to claim upon that ground; and said counsel makes the same contention here. The brief memorandum filed by the trial justice in denying that motion seems to indicate that he upheld the latter contention.

I think that the former contention, namely, that the proposed amendment seeks to introduce a new cause of action, is entirely fallacious. The cause of action alleged in the complaint is the plaintiffs' right of inheritance to the property and the relief sought is its recovery. Quite unnecessarily and unscientifically the complaint alleges the fact of the adoption, which allegation the answer admits by failure to deny. Further on, the complaint alleges that the child from its infancy was an imbecile and wholly incompetent, but that allegation is denied in the answer. To my mind the term " legally " in the former allegation is a mere legal conclusion which is entirely negatived by the later alleged fact of utter imbecility and incompetency at the time of the adoption. The fact of the adoption was, scientifically speaking, a matter of defense and should have been left for the defendants to plead. In short, I think that, under the allegation of the complaint that the child was sixteen years old when he was so adopted and that he was an imbecile and utterly incompetent from infancy, the court at Special Term could not at the trial have properly excluded the plaintiffs from proving said imbecility and from thereupon claiming that because of that imbecility the child when adopted was incapable of giving the consent which the statute, viz., subdivision 1 of section 111 of the Domestic Relations Law, imperatively requires, when the minor at the time of the adoption is over twelve years of age.

It is quite probable that the plaintiffs could have well proven the allegation of imbecility, as the proceedings at Special Term

upon the appointment of the committees were put in evidence; and the testimony taken thereat showed clearly that imbecility. Indeed, in that proceeding the foster mother herself testified in substance that the boy was then in a perfectly helpless condition, unable to feed himself or take care of his personal cleanliness and that she had cared for him " just like a baby " and that he had been in that condition since he was four or five years old.    Why, with that evidence coming into the record, the counsel for plaintiffs did not at once make the claim that the adoption was illegal constitutes a pertinent query.    Perhaps he was not then aware of our recent decision in *Stevens* v. *Halstead* (181 App. Div. 198) to the effect that the validity of adoption proceedings may be attacked in a direct action upon the ground of fraud, want of mental capacity, or undue influence.    It would seem by parity of reasoning that if in this case the adoption had been pleaded as a defense it would have been competent for the plaintiffs to introduce against that defense the claim that the consent of the adopted person was void for his incapacity to give it.    It is to be noted that the right of a judge or surrogate to waive any of the statutory consents appears by subdivision 5 of said section 111 to be limited to a case where a minor is eighteen years of age or upwards.    This provision was added by chapter 352 of the Laws of 1915.

Moreover, in this case the equities seem to be with plaintiffs. They are of the blood of the natural father through whom the property came to the imbecile child.    The long-established general policy of the law requires the property upon the death of the child to revert to the father's blood.  · The foster mother had no resources of her own; by the adoption, if valid, she made herself the heir to the property of the imbecile epileptic boy of sixteen years of age.    His consent being impossible, the thing was done solely by her own volition.    If the imbecile young man had shortly before his death made a will giving his property to the defendants it cannot be doubted that on proof of his imbecility the will would be held invalid, and it seems remarkable if his like gift of property through consent to adoption must be upheld as valid.

In short, it seems to me that the learned justice at Special Term should, upon plaintiffs' motion even though so lately

made, have reopened the trial and permitted the parties to litigate the question of the validity of the adoption.

The practical question is how shall we proceed to correct the mistake of the trial court. I think that we may properly accomplish that result by reversing the judgment and granting a new trial, with costs to abide the event, and by reversing the order and granting the motion to amend the complaint so as to omit all reference to the adoption, leaving that to be pleaded as a defense; upon condition, however, that plaintiffs within twenty days pay to the defendants the costs of the trial and serve their amended complaint, and if they fail so to do then the judgment and order are both affirmed, with costs.

Therefore, I so advise.

RICH, PUTNAM and JAYCOX, JJ., concur; KELLY, J., votes for affirmance.

Judgment and order reversed and new trial granted, with costs to abide the event, and the motion to amend the complaint granted by striking out all reference to the adoption, upon condition that plaintiffs, within twenty days, pay defendants the costs of the trial, and serve their amended complaint; if they fail so to do, the judgment and order are both affirmed, with costs.