Matter of the Judicial Settlement of the Estate of LUCY ELIZABETH POWELL, Deceased.

(Surrogate's Court, Oneida County, May, 1920.)

**Intestacy — who is not an heir at law or next of kin — adoption.**

> The legally adopted daughter of a deceased brother is not an heir at law or next of kin of his sister who died intestate leaving her surviving several nephews and nieces and one grand-nephew and one grand-niece.

PROCEEDING upon the judicial settlement of the account of an administrator.

Martin & Rendell, for administrator.

T. Cuthell Calderwood, for Harry C. Fowler, an heir.

Dunmore, Ferris & Dewey, for Ethel Mae Forten.

Misc.] Surrogate's Court, Oneida County, May, 1920.

EVANS, Special Surrogate. This is a proceeding for the judicial settlement of the estate of Lucy Elizabeth Powell.

Two questions are presented to the court for determination;

*First.* Is the contestant Ethel Mae Forten the legally adopted daughter of William L. Fowler, a predeceased brother of the decedent.

*Second.* If the contestant is found to be so legally adopted, is she entitled as a niece to a distributive share of the estate of Lucy Elizabeth Powell.

The decedent died intestate on or about the 29th day of May, 1919, leaving several nephews and nieces and one grand nephew and one grand niece as her heirs at law and next of kin. William L. Fowler was a brother of the decedent and he died without issue on or about the 11th day of June, 1904.

On or about the 9th day of July, 1894, an application was made by William L. Fowler to the county judge of Oneida county, N. Y., for leave to adopt as his daughter Ethel Mae Bullock ɑ minor child of the wife of William L. Fowler, by a former marriage. The usual procedure in such matters was followed and on the same date an order of adoption was signed by the Oneida county judge and entered in Oneida county clerk's office. This adopted daughter has since married and she is the same person now named Ethel M. Forten who is the contestant in this proceeding.

She asserts and claims to have the same rights in this estate as if she were a natural niece of Lucy Elizabeth Powell. While the regularity and legality of her adoption is not conceded by the heirs in this estate, I think that it appears from the evidence submitted, that she was legally adopted by William L. Fowler and the first question presented is determined

in her favor.   At common law an adopted child had no recognition and no right of inheritance.

The legislature by various enactments has defined and enlarged the rights of adopted children.   It is well settled that the foster parent and the person adopted sustain toward each other the legal relation of parent and child and have the right of inheritance from each other.   Dom. Rel. Law, § 114.   There appears to be no authority, however, to sustain the contention of the contestant that she is entitled to inherit from collateral relatives of the foster parent.

This principle of law has been decided in several cases.   In *Kettell* v. *Baxter,* 50 Misc. Rep. 428, it was held, that " The proceeding of adoption and the relation established is personal to the foster parent and the child.   The statute gives to them all the rights to be derived from the legal relation of parent and child, including the ' right of inheritance from each other.' The right is not given, however, either expressly or by implication, to the child, to inherit through the foster parent from his collateral kin."

This same principle was involved in the case of *Winkler* v. *New York Car Wheel Co.,* 181 App. Div. 239, where it was held that an adopted child is not an heir of the father of the adopting parent and not entitled to an award under the Workmen's Compensation Law.

In *Matter of Benson,* 99 Misc. Rep. 222, it was held that the word " sister " as used in the Tax Law relating to taxable transfers means a natural sister and not one who sustains that so-called relation by virtue of adoption.

In *Matter of Haight,* 63 Misc. Rep. 624, the words " nephews and nieces " appearing in a will were held to mean natural nephews and nieces and not an adopted daughter of a brother of the testator.

In the case of *Carpenter* v. *Buffalo General Electric Company*, 213 N. Y. 101, where an adopted child died unmarried and intestate leaving no one surviving except his natural father and a brother and sisters of his deceased foster parent, it was held that the natural father was excluded and the inheritance passed to the brother and sisters of the foster parent.

Counsel for the contestant maintain that this case is an authority for holding that an adopted child may inherit from collateral relatives of the foster parent. That it is inconsistent for the brother and sisters of a foster parent to inherit from the adopted child while the adopted child is denied the right of inheritance from the brother and sisters of the foster parent. While this contention may be logical, it must be remembered that the status of an adopted child is created and defined by statute, and I think that as the statute now reads, there is no warrant for a court to so interpret it. It may with equal force be argued that inasmuch as an adopted child may inherit from the natural father, that the natural father should inherit from his natural child who had been adopted, but it was held otherwise in the case last cited. It must, therefore, be held that the contestant Ethel Mae Forten is not an heir at law or next of kin of Lucy Elizabeth Powell, deceased, and her application for a distributive share of the estate is denied without costs and a decree of judicial settlement may be prepared accordingly.

Decreed accordingly.