In the Matter of the Estate of HARRIETT C. MARTIN, Deceased.*

Surrogate's Court, Ontario County, February 8, 1928.

*Henry S. Fraser*, for John C. Martin.

*William F. Santry*, special guardian, for Marjorie Mae Jones.

* Affd., 224 App. Div. 873.— [REP.

DUNTON, S. Harriett C. Martin died on or about the 29th day of March, 1927, leaving a last will and testament, which provided as follows:

"*First.*— I direct that all of my just debts and funeral expenses be paid; but the debts and accounts arising exclusively out of the business now carried on by me, and hereinafter bequeathed to my sister, Mae M. Jones, are to be paid by my said sister, as hereinafter provided.

"*Second.*— I give and bequeath to my said sister, Mae M. Jones, the ladies furnishing and fancy goods business in which I am now engaged, including all the stock, accounts and assets of every kind belonging to said business; all my household furniture, wearing apparel, jewelry and personal effects of every kind.

"I direct that my said sister, Mae M. Jones, shall pay all the debts and other liabilities of said business herein bequeathed to her, outstanding at the time of my death.

"*Third.*— I give and bequeath to my brother, Charles Wesley Martin, the sum of four thousand dollars ($4,000.00), and to my brother Henry A. Martin, the sum of two thousand dollars ($2,000.00).

"*Fourth.*— All the rest and residue of my estate, both real and personal, I give, devise and bequeath to my said sister, Mae M. Jones.

"*Lastly*, I nominate and appoint my brother-in-law, James A. Jones, of Auburn aforesaid, sole executor of this my will, hereby revoking all former wills by me made.

"*In witness whereof*, I have hereunto subscribed my name this 7th day of July, 1913.

"HARRIETT C. MARTIN.      [L. S.]"

Thereafter a petition for the probate of said will was filed, and a citation issued returnable September 6, 1927. The said petition contained the statement that Mae M. Jones, a sister of decedent, predeceased said testatrix, leaving the above-named Marjorie Mae Jones her only child or descendant.

On the said 6th day of September, 1927, the citation was returned with proofs of service on all the parties; and on that date John C. Martin, a brother of testatrix, appeared by attorney and filed an answer, in which he states that he has no objection to the probate of the will, but claims that Marjorie Mae Jones is not the natural daughter of Mae M. Jones, the sister of testatrix, and that the devises and bequests to Mae M. Jones have lapsed, and should revert to the heirs and next of kin of the testatrix, and requesting

that a construction of the will be had in connection with the probate proceedings, and this question determined by the surrogate upon rendering a decree.

The will is dated July 7, 1913. The order of adoption is dated April 18, 1917. Mae M. Jones, sister of testatrix, died in the month of October, 1922, and testatrix died in the month of March, 1927.

There are two questions to be decided in this matter: (1) Was Marjorie Mae Jones adopted by Mae M. Jones and her husband? and, if so, (2) Does the said Marjorie Mae Jones take the legacies given by the will of testatrix to her sister Mae M. Jones?

There has been furnished a certified copy of the papers in the adoption proceedings, and I have examined the statute in force at the time of the adoption, and I find that all necessary consents were procured, and that all statutory provisions for legal adoption were fully complied with.

The answer to the second question depends on whether Marjorie Mae Jones is the child of Mae M. Jones within the meaning of section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384), which reads as follows:

" § 29. Devise or bequest to child or descendant, or to a brother or sister of the testator not to lapse. Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

The effect of adoption is covered by section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608), and has been often considered by the courts, which have held that the relationship established between a foster parent and an adopted person is a contractual one, and that they sustain toward each other the legal relation of parent and child, with the right of inheritance from each other. Regarding such right there should be no question, and the statute seems clear in terms.

The application of the provisions of section 29 of the Decedent Estate Law to the case under consideration brings up the question of inheritance from collateral relatives. This statute does not come in the class of remedial statutes, where equitable relief may be granted, but is rather a positive declaration of legislative intention; and, as it is a complete derogation from the common law, the provisions of the statute must be strictly construed. If the

Legislature had intended to include adopted children of a deceased legatee, it would have so stated.

When Harriett C. Martin made her will, Marjorie M. Jones had not been adopted, although she had been in the family of the sister of testatrix for several years. While this state of facts existed, had testatrix died, there would not have been any question as to the lapsing of the bequests to her sister. The adoption having later been consummated, if the testatrix desired to have the share of her estate given her sister by her will pass to the adopted child, in the event her sister predeceased her, she should have, if she knew of the adoption, so evidenced her intention by adding a codicil to her will or executing a new one.

The law has always endeavored to protect and safeguard the rights of a testator in making a disposition of his property, and the courts have uniformly respected this right. The possibility of such right being defeated by the adoption of a child unknown to testator, it seems to me, would create a condition deleterious to public policy. Until the courts or the Legislature have clarified this point in positive terms, I must so decide.

The following are some of the cases examined: *Hockaday* v. *Lynn* (200 Mo. 456); *Kettell* v. *Baxter* (50 Misc. 428); *Matter of Haight* (63 id. 624); *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239); *Matter of Powell* (112 Misc. 74); *Hopkins* v. *Hopkins* (202 App. Div. 606).

Decree admitting will to probate, and further decreeing that the bequests mentioned in the 2d and 4th items of the will of testatrix have lapsed, may be presented.