In the Matter of the Estate of ALICE GANOUNG WALTER, Deceased. HORACE S. WALTER, Appellant; MAUDE AYERS GANOUNG, Respondent.

Third Department, March 13, 1935.

*Eugene Terry*, for the appellant.

*Newman & Newman [Charles H. Newman* of counsel], for the respondent.

CRAPSER, J.   In October, 1920, James H. Ganoung and his wife, Mary Ganoung, legally adopted one Maude Ayers.   She survived James H. Ganoung as Maude Ayers Ganoung.

The testatrix, Alice Ganoung Walter, died May 1, 1933, leaving her husband surviving but no descendant.

She left a will made December 2, 1932, by which she gave all of her estate, real and personal, to her brother, James H. Ganoung,

who was then alive. The brother died before his sister and left no blood descendant. The decedent left no parent, no brother or sister, nephew or niece.

The appellant, Horace S. Walter, husband of the decedent, claims the whole estate on the ground of intestacy and petitions the surrogate for letters of administration upon the estate of Alice Ganoung Walter, claiming the legacy to her brother lapsed by reason of his death, and that his wife died intestate.

It is conceded that if Alice Ganoung Walter died intestate the appellant is entitled to the entire estate.

In response to a citation in the administration proceedings the respondent, Maude Ayers Ganoung, appeared by special guardian and claimed the legacy as the surviving child of James H. Ganoung by virtue of the provisions of section 29 of the Decedent Estate Law and section 114 of the Domestic Relations Law.

The surrogate admitted the will to probate and sustained the contention of the respondent, specifically holding that she was the " surviving child or other descendant " of James H. Ganoung within the meaning and intendment of section 29 of the Decedent Estate Law. It is conceded that the will was regularly executed and the testatrix was competent.

Section 29 of the Decedent Estate Law provides that " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

Section 114 of the Domestic Relations Law provides that " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends ·to the heirs and next of kin of the person adopted, and such heir and next of kin shall be the same as if he were the legitimate child of the person adopting, but as respects the passing and limitation over of real or'personal property dependent under the provisions of any instrument of the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen."

" Adoption is the taking of a stranger in the blood as one's own child. The proceeding of adoption and the relation established is

personal to the foster parent and the child. The statute gives to them all the rights to be derived from the legal relation of parent and child, including the ' right of inheritance from each other.' The right is not given, however, either expressly or by implication, to the child, to inherit through the foster parent from his collateral kin. In other words, the child becomes heir only to the foster parent. This right of inheritance flows from the artificial relation established at the request of the one and with the consent of the other. The adoption proceedings perpetuate the desire of the parent that the child shall be his heir. But a stranger to the adoption proceedings, who has never recognized the existence of any artificial relation, should not have his property diverted from the natural course of descent." (*Kettell* v. *Baxter*, 50 Misc. 428.)

In the case of *Hopkins* v. *Hopkins* (236 N. Y. 545) Benjamin W. Hopkins and his wife had adopted a daughter on October 27, 1899. He died in 1910 intestate, leaving no descendant other than the adopted daughter. On March 4, 1920, Harrison L. Hopkins, brother of Benjamin W. Hopkins, died intestate, leaving him surviving a brother and sister, his only blood relatives, heirs at law and next of kin. The adopted daughter of Benjamin brought an action to partition certain lands in which the said Harrison had an undivided one-fourth interest, claiming she was the heir of Harrison. The trial court so held; the Appellate Division reversed the trial court and dismissed the complaint, which decision was affirmed.

*Matter of Powell* (112 Misc. 74; affd., 193 App. Div. 965) holds that " The legally adopted daughter of a deceased brother is not an heir at law or next of kin of his sister who died intestate leaving her surviving several nephews and nieces and one grandnephew and one grandniece."

*Matter of Hall* (234 App. Div. 151; affd., 259 N. Y. 637) holds that an adopted child may not inherit from the collateral kin of the foster parents.

In the case of *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239), a compensation case, it was held that the adopted child of a daughter of an employee is not his heir or next of kin and is not entitled to compensation, as there is nothing in the statute to indicate that the Legislature intended to permit one to adopt heirs for third persons and the courts cannot arbitrarily infer such intention unless forced to do so by the terms of an expressed statute or by necessary implication.

In *Matter of Martin* (133 Misc. 80; affd., 224 App. Div. 873) it was held: " The will of the testatrix devised certain property to her sister. Thereafter the sister adopted a child. The sister predeceased the testatrix. The adopted child, under a proper

construction of section 29 of the Decedent Estate Law and section 114 of the Domestic Relations Law, is not entitled to take the property devised to her foster mother, and as to that property the testatrix died intestate."

Maude Ayers Ganoung is not the surviving child or other descendant of James H. Ganoung within the meaning or intent of section 29 of the Decedent Estate Law.

The decree appealed from should be reversed and the claim of the respondent dismissed, with costs.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Decree reversed on the law and claim of the respondent dismissed, with costs to all parties filing briefs payable out of the estate.