MILDRED DUDLEY, *et vir*, v. HARRISON, McCREADY & COMPANY, a Corporation.

174 So. 729.
En Banc.
Opinion Filed May 28, 1937.

. *Patterson, Blackwell & Knight, Dewey Knight* and *W. Clinton Green,* for Plaintiffs in Error;

*Knight, Pace & Paine* and *Snedigar & Baya,* for Defendant in Error.

ON PETITIONS FOR REHEARINGS.

BROWN, J.—Both parties have filed petitions for rehearing.

Plaintiffs in error complain of that portion of the opinion and judgment heretofore rendered herein, reversing and remanding the judgment of the court below, wherein this court directed the trial court to allow the defendant to move for a new trial if it be so advised. It is true that the trial court, in its order granting the motion for judgment *non obstante veredicto,* also in the same order denied the defendant's motion for a new trial. This fact was not overlooked by this court, as its opinion will show. It was observed in the opinion that:

"If the instant verdict was not in the opinion of the court, justified by the evidence, on any of the vital and material issues of fact, presented by the pleadings, the granting of a new trial would have been an appropriate remedy."

This cause was brought before us on the record proper, without bill of exceptions. In his order denying the plaintiffs' motion to set aside and vacate the final judgment *non obstante veredicto* in favor of the defendant, the learned trial Judge commented at some length on the evidence and reached the conclusion that the jury had "found for the plaintiffs against the weight of the evidence," closing his comments with this statement: "In the interest of substantial justice I therefore decided to grant the motion of defendant for a judgment *non obstante veredicto*.

Likewise in the interest of substantial justice, this court, not having the evidence before it, directed the trial court to entertain a motion for a new trial if the defendant saw fit

to file such a motion after the cause was remanded to the lower court. We did so fully conscious of the fact that the trial court had previously denied a motion for a new trial, but that does not prevent this court from directing the lower court, upon reversal of the judgment and remandment of the cause, to entertain such a motion. Not only are we justified in giving such directions to the lower court by the state of affairs revealed by the record before us, but, as we called attention to in our original opinion, it is generally customary that, on the reversal of a judgment *non obstante veredicto,* the cause should be remanded with directions to permit the defendant to move for a new trial if he be so advised.

The petition for rehearing, filed by the defendant in error, states that the court has erroneously stated the common law of England at the time of adoption by the State of Florida of such common law, and cites in support of this statement the case of Baltimore & Carolina Line v. Redman, 295 U. S. 654, 55 S. C. 890, 79 L. ed. 163. We did not overlook this case; it was cited in defendant in error's brief. However, the rule discussed in the case referred to has no application to the situation presented by this record. It does not deal with the function and scope of motions for judgment *non obstante veredicto,* nor with judgments rendered on such motions. The gist of the opinion in that case is stated in the first headnote, which reads as follows:

"1. A Circuit Court of Appeals, when reversing a judgment on a verdict for plaintiff in an action at law for error on the part of the trial court in denying defendant's motion for a dismissal of the complaint and for a directed verdict on the ground of insufficiency of the evidence to support a verdict for the plaintiff, in which action the trial court had without objection reserved decision on the mo-

tion and submitted the case to the jury subject to its opinion on the questions reserved, may direct a dismissal of the complaint without violating the provisions of the Seventh Amendment to the Federal Constitution that in suits at common law the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

Whether the holding in the Redman case is inconsistent with our Florida system of jurisprudence it is not necessary for us here to decide. As we understand that case it is,. as above stated, not applicable to the case at bar.

Both petitions for reharing are accordingly denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and DAVIS, J. J., concur .