INDUSTRIAL TRUST COMPANY, *Ex. vs.* BYRON C. TAYLOR *et al.*

APRIL 29, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This cause was begun by a bill in equity filed

in the superior court by the trustee under the will of Minnie A. T. Champlin, late of the town of Westerly in this state, deceased, against every person who has an interest in the proper construction of the will. The prayer of the bill is for instructions as to the manner in which the complainant as such trustee should now make distribution of the trust estate. A guardian *ad litem* was duly appointed to represent the interests of a minor, Robert MacDonald Champlin, and of all unknown persons. When the pleadings were closed and the cause was ready for final decree, it was certified to this court for determination, under general laws 1938, chapter 545, § 7.

The facts are undisputed. Minnie A. T. Champlin died testate May 5, 1940, leaving no husband, children, or lineal descendants surviving her. The main beneficiaries named in her will, which was executed November 12, 1936, were the respondent Byron Cundall Taylor, a nephew of the testatrix, and "Dr. John Champlin, Junior," hereinafter referred to merely as Dr. Champlin, a nephew of testatrix's deceased husband. Doctor Champlin died before the testatrix, leaving only an adopted son, the respondent Robert MacDonald Champlin, who was living when the testatrix died. The question in this cause is whether the respondent Champlin is entitled to receive the share of the residuary estate which the testatrix gave to Dr. Champlin in clause fifth of her will.

The will contains six clauses. Clauses first, second and third are not involved in this cause. In clause fourth the testatrix gave her home on Elm street and its contents, except as otherwise provided in clauses second and third, to Dr. Champlin, with the condition, however, that if he predeceased her, such property was to go to the respondent Taylor. Clause fifth, which is the one that raises the question now before us, is as follows: "All the rest and residue of my estate, both real and personal and of which I may die seized and possessed, I give, will, devise and bequeath

to said Dr. John Champlin, Junior, and to my nephew Byron Cundall Taylor of Ashaway, Rhode Island to be divided equally between them and they to share equally and alike in the same." In clause sixth the testatrix appointed the Industrial Trust Company and Dr. Champlin as executors of her will, with the proviso that if the latter were not living at the time of her death, the respondent Taylor was to act in his place and stead. As Dr. Champlin died before the testatrix and Taylor declined to act as co-executor, the complainant here was the sole executor to qualify.

On February 5, 1935, more than twenty-one months before the testatrix executed her will, Dr. Champlin and his wife legally adopted the respondent, Robert MacDonald Champlin, who was born May 2, 1934. The testatrix was fully aware of the adoption. Doctor Champlin died testate May 2, 1938, predeceasing the testatrix by over two years. Being childless, he devised and bequeathed his share of the residuary estate under the will now before us to his adopted son.

Respondent Taylor claims that he is entitled to the entire residuary estate under one of two contentions. First, he contends that the testatrix intended to make a gift over to him of Dr. Champlin's share of the residuary estate if the latter predeceased her: and, secondly, that if this was not her intention, the respondent Champlin is not the "issue" of Dr. Champlin within the meaning of that word as used in G. L. 1938, chap. 566, § 30, which provides that when any person to whom any real or personal estate shall be devised or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue shall be living at the time of the death of the testator, "the devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue . . . unless a contrary intention shall appear by the will." Respondent Champlin denies the soundness of each of these contentions.

Before considering Taylor's contentions, it is advisable to recall that, according to G. L. 1938, chap. 420, § 6, an adopted child "shall be deemed, for the purposes of inheritances by such child . . . the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except' that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parent by right of representation." We note at this point that the exceptions made by the statute are not involved in this cause. The residuary gift to Dr. Champlin is not limited to the heirs of his body, nor does it consist of property belonging to his lineal or collateral kindred, he being, as already stated, a nephew of the testatrix's deceased husband.

Taylor probably could sustain his claim if the provisions of chap. 566, § 30, do not apply in the circumstances of this cause. His first contention, in effect, is that the statute is inapplicable because the will shows that the testatrix did not intend that the residuary devise and bequest to Dr. Champlin should operate as a devise and bequest to the respondent Champlin. To arrive at this conclusion he argues that since the testatrix made a gift over to him of the Elm street property in the event that Dr. Champlin predeceased her, and since she substituted him as one of her executors in the same circumstances, and as the will makes no mention of the respondent Champlin, although she knew of his adoption by Dr. Champlin, she must therefore have intended to give to him, Taylor, her entire residuary estate.

A devise or bequest by implication is not favored. As this court says in *Smith* v. *Bradford*, 51 R. I. 289, at page 293, a gift by implication must be founded upon some expression in the will from which such intention can be inferred. In our judgment, the very instances upon which Taylor relies to support an implied gift over to him of the interest devised and bequeathed to Dr. Champlin in the

residuary clause of the will strongly militate against his conclusion. Those instances clearly show that when the testatrix intended to make a different provision in her will in favor of respondent Taylor if Dr. Champlin should predecease her, she knew how to do it and did it in plain language. When she came to dispose of her residuary estate, she made an absolute gift to Dr. Champlin and to the respondent Taylor, but she remained silent as to any different provision in the event that Dr. Champlin should predecease her.

We are not impressed by Taylor's argument that the failure of the testatrix to mention the respondent Champlin in her will was a further indication of her intention that he should not receive the share of the residuary estate which she had devised and bequeathed to Dr. Champlin in language so plain and unqualified. If such argument has any merit, it is overcome here by the fact that the testatrix, with knowledge of the adoption of the respondent Champlin, did not change the provision she had made in her will for Dr. Champlin, but allowed it to remain as written, although she survived him by more than two years. After careful consideration of the will before us, we find that the intention of the testatrix as therein disclosed was not "contrary to" the operation of the provisions of chap. 566, § 30.

Taylor's strong reliance on the case of *Smith* v. *Bradford*, *supra*, as a controlling authority in the circumstances of the instant cause, is unwarranted. The court there decided that the three children of an adopted daughter, who had predeceased her adoptive mother, the latter being a granddaughter of the testator and a legatee under his will, were not entitled to inherit any property bequeathed to said granddaughter. At page 293 of the opinion in the *Smith* case, the court says: "After reading this will, the conclusion is unavoidable that the testator intended to give his property only to his own blood and to the wife of his son." The instant cause differs fundamentally from the *Smith* case in that here we do not find that the testatrix intended to exclude the respondent

Champlin from inheriting the share of the residuary estate which she had given to Dr. Champlin.

The second contention urged by Taylor is also unsound. In *Hartwell* v. *Tefft,* 19 R. I. 644, at page 646, this court says that by force of the adoption statute, hereinbefore mentioned as chap. 420, § 6, an adopted child is put into "the *status* of a child, issue or lineal descendant, but not that of an heir of the body." See *Olney for an Opinion,* 27 R. I. 495. The word "issue" in chap. 566, § 30, is not necessarily restricted to natural children; it may include an adopted child, unless a contrary intention shall appear by the will. *Smith* v. *Bradford, supra.* No such intention being found by us in the cause at bar, the respondent Champlin therefore comes within the meaning of the word "issue" as used in the statute.

Our opinion is that the residuary devise and bequest to Dr. Champlin did not lapse upon his death, and that, by force of the two statutes herein cited when applied to testatrix's intention as it appears in her will, the respondent Robert MacDonald Champlin is entitled to receive from the complainant the one-half interest in testatrix's residuary estate that Dr. Champlin would have received had he survived her.

The complainant is instructed to distribute the residuary estate of the testatrix Minnie A. T. Champlin in its hands in accordance with this opinion.

On May 19, 1943, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Herbert W. Rathbun, Joseph R. Murray,* for complainant.

*Edward M. Botelle, Jr.,* for respondent Byron Cundall Taylor.

*John Ferguson, Jr.,* for respondent Robert MacDonald Champlin.