CEDRIC L. ARNOLD, executor, vs. RAYMOND RONALD HELMER
& others.

Essex.    May 9, 1951. — September 18, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Adoption.   Devise and Legacy, Lapse.*

An inhabitant of another State adopted there by the nephew of a woman
who was domiciled in this Commonwealth and whose entire estate was
located here did not, upon the aunt's death after the death of the
nephew, take a gift to the nephew in the aunt's will under G. L. (Ter.
Ed.) c. 191, § 22, as "issue" of the nephew surviving the testatrix, and
the gift lapsed.

PETITION for instructions, filed in the Probate Court for
the county of Essex on August 3, 1950.

The case was heard by *Phelan*, J., who entered a decree
that the gift in the will of Josephine D. Godfrey to Frank
H. Helmer lapsed.  The respondents Raymond Ronald
Helmer and Frank H. Helmer, Junior, appealed.

*H. R. Mayo, Jr.*, (*T. F. Fitzgibbon* with him,) for the
appellants.

*G. R. Morgan*, for the appellees.

QUA, C.J.   This petition for instruction, brought by the
surviving executor of the will of Josephine D. Godfrey,
late of Swampscott, raises the question whether a devise or
legacy given by the testatrix in her will to her nephew
Frank H. Helmer, of Merced, California, wholly lapsed
when the nephew died before the testatrix, or whether it
became payable to the respondents Raymond Ronald
Helmer and Frank H. Helmer, Junior, as surviving issue of
the deceased devisee or legatee in accordance with G. L.
(Ter. Ed.) c. 191, § 22.   These respondents were adopted by
the nephew many years ago in California and still reside
there.   It is their contention that by reason of this adoption

they became under California law "issue" of the deceased
nephew for all purposes, including that of taking under our
statute devises or legacies which otherwise would lapse.
The decedent was a resident of this Commonwealth and her
entire estate was physically within the Commonwealth.
These respondents appeal from a decision adverse to them.

The general proposition is unquestioned that the estate
located here of a Massachusetts decedent must descend or
be distributed in accordance with Massachusetts law. The
chapter of our General Laws (Ter. Ed.) relating to adoption,
c. 210, contains certain provisions affecting descent and dis-
tribution. One of these (G. L. [Ter. Ed.] c. 210, § 9) reads,
"An inhabitant of another state, adopted as a child in ac-
cordance with the laws thereof, shall upon proof of such
fact be entitled in this commonwealth to the same rights of
succession to property as he would have had in the state
where he was adopted, except so far as such rights are in
conflict with this chapter." In *Cobb* v. *Old Colony Trust Co.*
295 Mass. 338, careful consideration was given to the con-
struction of this section. In that case at pages 342–343 this
court said, "The correct construction of said § 9 is that the
inhabitant of another State adopted in accordance with its
laws is not entitled to greater rights of succession than are
given by its laws, and is not entitled to greater rights of
succession than are given by the laws of this Common-
wealth. See *Ross* v. *Ross*, 129 Mass. 243, 268; *Nickerson* v.
*Allen*, 293 Mass. 136, 137." This is in conformity with the
general rule laid down in the absence of statute by Restate-
ment: Conflict of Laws, § 143, "The status of adoption,
created by the law of a state having jurisdiction to create
it, will be given the same effect in another state as is given
by the latter state to the status of adoption when created by
its own law." See further § 305 and comments.

The question then arises whether if the adoption had been
in this Commonwealth these respondents, who had been
adopted, not by the decedent, but by her nephew, would
thereby have been brought into such a relation to the de-
cedent that they would have taken under her will as "issue"

of the nephew when he died before the testatrix. The answer must be in the negative. It is plain from other sections of c. 210 that under our law an adopted child does not become for all purposes the child or "issue" of the adopting parent. In our statute the intent is manifest to create a relationship or status between the adopting parent and his descendants on the one hand and the adopted child on the other hand, but in general not to force that relationship or its consequences upon other kindred. This appears from §§ 7 and 8. It was held in *Gammons* v. *Gammons*, 212 Mass. 454, that under the predecessor of § 8 a person in the position of these respondents whose adoption had taken place in this Commonwealth could not take under what is now G. L. (Ter. Ed.) c. 191, § 22, as "issue" of a legatee who had adopted her and who died before the testator. See also *Wyeth* v. *Stone*, 144 Mass. 441; *Young* v. *Stearns*, 234 Mass. 540. We do not read what was said in *Boutlier* v. *Malden*, 226 Mass. 479, at pages 484–485, as impairing the authority of *Gammons* v. *Gammons*.

It follows that the decree was right.

*Decree affirmed.*