CARROLL, CHAS., Judge.
The question presented by this appeal is whether one who is adopted after the death of a testator by an adopter who also dies, may take under a will as being a living descendant of the adopter. The factual background against which the arguments are projected is sufficiently presented by the final decree, which was as follows: “This cause came on for final hearing upon the complaint of the plaintiff, the answer of the defendant, The First National Bank of Miami, as Trustee, the answer of the intervener, Homestead Hospital, of Homestead, Pennsylvania, and the evidence, and the court having before it the original court files of this court in causes bearing chancery numbers S8C-S517 and 60C-4292, respectively, and the court having considered the record in said cases and being otherwise fully advised, it is
“Considered, Ordered, Adjudged and Decreed as follows:
“1. The plaintiff, Marian Bobcik, is the adopted daughter of Joseph Gordon Cooper and his wife, Margaret Cooper, by virtue of an order of adoption entered in this court on the 11th day of July, 1958, in chancery case No. 58C-5517, and as such the plaintiff was and is the child and legal heir of Joseph Gordon Cooper and his wife, Margaret Cooper, her adoptive parents, and entitled to all rights and privileges and subject to all obligations of a child born to such adopters in lawful wedlock, and under the laws of Florida Marian Bobcik was and is a lineal descendant of Joseph Cooper, deceased. Joseph Cooper was the same person as Joseph Gordon Cooper.
“2. Upon the death of Sarah Ellen Oursler, the defendant, The First National Bank of Miami, took into its possession, as trustee, 25% of all the rest, residue, and remainder of the estate of the said Sarah Ellen Oursler, designated as the ‘Edna Cooper Fund’ and paid the net income therefrom in accordance with the terms of the will of Sarah Ellen Oursler to Edna Cooper, the sister-in-law of Sarah Ellen Oursler, and upon the death of Edna Cooper the said defendant then paid the net income from said ‘Edna Cooper Fund’ to Joseph Gordon Cooper, the son of Edna Cooper and the adoptive father of the plaintiff, Marian Bobcik, until the death of Joseph Gordon Cooper on November 12, 1959. Since his death the said The First National Bank of Miami has held and now holds all of the principal assets of said ‘Edna Cooper Fund’ and the accumulations and increases thereto, notwithstanding the demand made by the plaintiff to pay over and deliver to her all of said trust assets in said trust as Joseph Cooper’s living descendant.
“3. In Article IV-B of the will of said Sarah Ellen Oursler it is provided that:
“ ‘Upon the death of the survivor of Joseph Cooper, said Edna Cooper and myself the then principal of the “Edna Cooper Fund” shall be paid over and delivered per stirpes to Joseph Cooper’s then living descendants, if any, [and if none * * * said *301 •fund shall be retained by my Trustee and the entire net income therefrom paid to the Homestead Hospital, of Homestead, Pennsylvania, in perpetuity.’ ”]
which provision, in the light of all provisions of said will, requires all of the principal of the said ‘Edna Cooper Fund’ to he paid over and delivered to the plaintiff, Marian Bobcik, upon the death of the said Joseph Cooper on November 12, 1959, as the said Joseph Cooper’s then living descendant.
“4. The defendant, The First National Bank of Miami, as Trustee, shall forthwith pay over and deliver to the plaintiff, Marian Bobcik, all of the principal assets in said '‘Edna Cooper Fund’, as the principal of said ‘Edna Cooper Fund’ existed on November 12, 1959, the date of the death of the the said Joseph Cooper, together with all accumulations and increases thereto since November 12, 1959.
“5. This decree is entered without prejudice to the right of The First National Bank of Miami, as Trustee, in making such application for fees from the trust estate as said bank may believe it is entitled to receive.”
Adult adoptions are provided for in Ch. 72, Fla.Stat., F.S.A., to be made “by other married adults, or the survivor thereof.” Section 72.33. By § 72.38 of the statute an adoptee is declared to be a legal heir equivalent to a legitimate child of the adopters.[1] And § 731.30, Fla.Stat., F.S.A., makes an adopted child an heir at law who for the purpose of inheritance is regarded as a lineal descendant of the adopting parents.[2]
Appellant’s position is centered on the contention that the adoptee’s qualities as heir are meant to apply only between the immediate parties, and that no right is conferred upon an adoptee to inherit from others than the adopters. Counsel for ap-pellee point out that here the adoptee is not seeking to inherit as a descendant of the testatrix, and therefore the case of Hewett’s Estate, 153 Fla. 137, 13 So.2d 904, so heavily relied on by appellants, is different factually and not applicable.
The chancellor was eminently correct in his decree. We see no need for extended discussion of the question presented. The adoptee was duly adopted. By statute, she was the heir of the adopters, as their child would be (§ 72.38, Fla.Stat., F.S.A.), and was the lineal descendant of the adopter Joseph Cooper at the time of his death. Under the will of Sarah Ellen Oursler the appellee adoptee Marian Bobcik takes because she fits the description of the person who the will provides shall receive the principal of the fund after Joseph Cooper— not as an heir or descendant of the testatrix Sarah Ellen Oursler, but by virtue of being the living lineal descendant of her adopting parent Joseph Cooper.
For the reasons stated the decree appealed from should be and hereby is
Affirmed.

. Compare Tsilidis v. Pedakis, Fla.App. 1961, 132 So.2d 9, in which a foreign adult adoptee of one who was single and not the survivor of a spouse, was held not to qualify as an heir or descendant of the adopter.

. “An adopted child, whether adopted under the laws of Florida or of any other state or country, shall be an heir at law, and for the purpose of inheritance, shall be regarded as a lineal descendant of her adopting parents * * § 731.30, Fla.Stat., F.S.A.