141 So.2d 803 (1962)
IN RE ESTATE OF ABE LEVY, DECEASED.
SADYE GOODSTEIN, FRANCES KURTZ HENKE, PHILIP I. KURTZ, RUTH KURTZ COOPER, EDWARD KURTZ AND SARRAE ZWANG, APPELLANTS,
v.
M.L. LEVY, HOWARD LEVY, DAVID LEVY, RALPH LEVY, THELMA SILVERMAN, ROBERT S. FRIEDMAN, MORLEY FRIEDMAN AND LOUISE JANE FRIEDMAN AND THE FIRST NATIONAL BANK OF TAMPA, TAMPA, FLORIDA, AS ADMINISTRATOR OF THE ESTATE OF ABE LEVY, DECEASED, APPELLEES.
No. 2684.
District Court of Appeal of Florida, Second District.
May 2, 1962.
Rehearing Denied June 14, 1962.
*804 John F. Turbiville of Cason & Turbiville, Tampa, for appellant Sarrae Zwang.
J.A. McClain, Jr., of Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellants Sadye Goodstein, Frances Kurtz Henke, Philip I. Kurtz, Ruth Kurtz Cooper and Edward Kurtz.
Hugh C. Macfarlane, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees M.L. Levy, Ralph Levy, David Levy and Thelma Levy Silverman.
WHITE, Judge.
This case involves the right of an adopted child to inherit from his collateral blood kindred.
Abe Levy died intestate in 1959. He had three blood brothers and two blood sisters. One brother, Jacob Abraham Levy, was adopted by a family named Kurtz. He predeceased Abe Levy and left five living children. A sister, Sadye Levy, was adopted by a family named Tapolsky. She is alive and married. The question is whether adoptee Sadye Levy Tapolsky Goodstein and the five living children of adoptee Jacob Abraham Levy, deceased, are entitled to an intestate share of the estate of their collateral blood relative, Abe Levy. The probate judge held that the adoptions of Jacob Levy and Sadye Levy under Florida law cut off all pre-existing inheritance rights of said adoptees and their descendants from collateral blood kindred. That order is before us on appeal.
Statutes of descent and distribution ordinarily place emphasis upon kinship as established by the blood stream. The word "descendants" connotes those persons who are in the blood line of the ancestor. When strangers come into the family by legal adoption, they have only such added rights of inheritance as are given by statute. In re Hewett's Estate, 1943, 153 Fla. 137, 13 So.2d 904, 907. The adoption statutes give new rights to adoptees. They do not, however, attempt to limit or take away rights already in existence with the exception that the natural parent may not inherit from his natural child who has been adopted.[1]
*805 The right of adoption was unknown at common law and exists only by statute. In re Palmer's Adoption, 1937, 129 Fla. 630, 176 So. 537, 538. Under Fla. Stat. § 2.01, F.S.A. the Common Law of England is expressly made a part of the law of Florida provided it is not inconsistent with the constitution and laws of this state. This existing common law may, of course, be superseded or modified by statute; but statutes in derogation of the common law must be strictly construed. Southern Attractions, Inc. v. Grau, Fla. 1957, 93 So.2d 120; Clark v. State, Fla.App. 1959, 114 So.2d 197, 80 A.L.R.2d 261. A statute will not be held to have changed well settled common law principles by implication, unless the implication of change is clear or necessary to give full force to express provisions of the statute and the public policy thus established. Dudley v. Harrison, McCready & Co., 1937, 127 Fla. 687, 173 So. 820, reh. den., 128 Fla. 338, 174 So. 729. A statute will not be construed as taking away common law rights unless the pre-existing right is repugnant to the statute. Cullen v. Seaboard Airline Ry. Co., 1912, 63 Fla. 122, 58 So. 182.
Tsilidis v. Pedakis, Fla.App. 1961, 132 So.2d 9, states that adoption exists in Florida only by virtue of statute and that the provisions of Chapter 72, Florida Statutes, F.S.A., relating to the adoption of adults are in derogation of the common law and must be strictly construed. In re Hewett's Estate, 1943, 153 Fla. 137, 13 So.2d 904 held that an adopted child could not inherit from a collateral relative of the adoptive parent. The court refused to expand the interpretation of the adoption statute and cited In re Estate of Bradley, 185 Wis. 393, 201 N.W. 973, 38 A.L.R. 1, which held that a statute which interrupts the natural course of the descent of property should be strictly construed. The court also cited Warren v. Prescott, 84 Me. 483, 24 A. 948, 17 L.R.A. 435, which said although the adopters can make for themselves an heir, they cannot thus make one for their kindred.
Therefore, under the Hewett case, supra, the adopted child becomes an heir at law of the adoptive parent, but he has no right to inherit from lineal or collateral kindred of the adoptive parent unless the language of the statute is to that effect. 1 Fla.Jur., Adoption § 32. In holding that the adopted child could not inherit from collateral adoptive relatives the court in the Hewett case said:
"* * * [T]he statute [F.S. § 731.30, F.S.A.] says nothing about the adoptive parents' ancestors and we cannot add anything to the statute which is not expressly stated therein or which is not necessarily implied by the language used."
Amended F.S. § 731.30, F.S.A. enacted after the Hewett's estate decision would not change the result of that case. It does enhance the inheritance rights of an adoptee to permit him to inherit from his adoptive brothers and sisters  but no further. Our present Fla. Stat. § 731.30, F.S.A. states as follows:
"An adopted child, whether adopted under the laws of Florida or of any other state or country, shall be an heir at law, and for the purpose of inheritance, shall be regarded as a lineal descendant of his adopting parents, and the adopting parents shall inherit from the adopted child. The adopted child shall be regarded as the natural brother or sister of the natural children and other adopted children of the adopting parents for the purpose of inheritance from or by them. The adopted child shall inherit the estate of his blood parents, but his blood parents shall not inherit from the adopted child." (Amended portion emphasized.)
It is notable, as stated, that our present statute has specifically set out that the adopted child shall be regarded as a natural child for the purpose of inheritance from or by them. The statute does not attempt to take away an adoptee's pre-existing *806 right of inheritance from his natural parents or from his natural kindred. It only limits the right of the natural parents to inherit from the adopted child. No other limitation appears in the statute.
It is plain that Fla. Stat. § 731.30, F.S.A., supra, is a grant of rights to the adopted child. It does not imply that the adopted child should lose rights that previously existed. When the language of a statute is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. Vocelle v. Knight Brothers Paper Co., Fla.App. 1960, 118 So.2d 664. A statute conferring a new right or a grant of power cannot be construed to limit other rights or powers by implication unless such implication is clear or if the purpose of the grant would be otherwise defeated. Here the purpose of § 731.30 would not be defeated by allowing the appellants to inherit from their natural kindred.
It is not necessary to treat other points raised on appeal.
Reversed.
SHANNON, C.J., and SANDLER, HARRY N., Associate Judge, concur.
NOTES
[1] Fla. Stat. § 731.30, F.S.A.