172 So.2d 268 (1965)
In re ESTATE of Lilian C. BAKER, Deceased.
Grace W. PARKER, Appellant,
v.
Glenna B. BLAINE, Esther T. Geisler, and Edmund Read, as Executor of the Estate of Lilian C. Baker, Deceased, Appellees.
No. 4455.
District Court of Appeal of Florida. Second District.
February 26, 1965.
*269 W. Joseph Reynolds, St. Petersburg, for appellant.
N. David Korones, Clearwater, for appellees.
ANDREWS, Judge.
This is an appeal from an Order of the county judge holding that the adoptive daughter of a named deceased beneficiary under a will takes the share of her adoptive father.
The testatrix, Lilian C. Baker, executed her will on May 8, 1962, and died on November 25, 1962. She devised all her property to her two nieces, Grace Parker, the appellant, and Esther Geisler, and to her nephew, Howard Baker, in equal shares. Howard Baker died on October 21, 1962, leaving Glenna B. Blaine, his adopted daughter, as his only child.
The executor filed a Petition for Determination of Heirs asking the court to determine whether Glenna B. Blaine was the legally adopted daughter of Howard S. Baker, and if so, whether she was entitled to receive the one-third share of the estate of Lilian C. Baker which had been bequeathed to her adoptive father.
The court held that Glenna B. Blaine was legally adopted and was the lineal descendant of her adopting parent and therefore was entitled to receive the legacy by virtue of the anti-lapse statute, F.S.A. § 731.20. Grace Parker appealed.
The precise question presented is whether an adopted child is a "lineal descendant" within the meaning of our anti-lapse statute, F.S.A. § 731.20.
F.S.A. § 731.20(1) provides in part that "when any property is devised or bequeathed to an adopted child or blood kindred of the testator, and when such devisee or legatee dies before the testator, leaving lineal descendants * * * such legacy or devise does not lapse, but such descendants take the property so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."
The statutory provisions governing adopted children expressly provide that when a legal adoption is perfected the adopted child becomes "the child and legal heir of the adopting parent or parents, entitled to all the rights and privileges, * * * of a child born to such parent or parents in lawful wedlock." Florida Statutes § 72.22 and 72.38, F.S.A.
The probate law further provides that an adopted child "shall be an heir at law, and for the purpose of inheritance, shall be regarded as a lineal descendant of his adopting parents" and that "the adopted child shall be regarded as the natural brother or sister of the natural children and other adopted children of the adopting parents * * *" Florida Statutes § 731.30, as amended in 1953, F.S.A.
The appellant relies heavily on the cases of In re Hewett's Estate, 1943, 153 Fla. 137, 13 So.2d 904, and In re Levy's Estate, Fla.App. 1962, 141 So.2d 803. The Supreme Court in the Hewett case held that, under the then applicable statute, an adopted child could not "inherit" from lineal or collateral kindred of the adoptive parent. This is the general rule followed by most jurisdictions. 2 Am.Jur.2d, Adoption § 106; 2 C.J.S. Adoption of Children § 63d; Annot., 43 A.L.R.2d 1183 (1955).
The Hewett case dealt with an intestate estate and the present case involves a testate estate. Glenna B. Blaine takes not as an heir of the testatrix by representation, but by virtue of being the living lineal descendant of her adopting father, Howard S. Baker, the named beneficiary. This factor was sufficient to make the Hewett doctrine inapplicable in First National Bank of Miami v. Bobcik, Fla.App. 1961, 132 So.2d 299, cert. dismissed, Fla. 1961, 136 So.2d 343. In the Bobcik case the adopted child was held to be a living descendant of his adopted father and entitled to take under the will of his adopted father's mother.
*270 In the instant case the appellee does not "inherit" the legacy from the testatrix. She takes as a lineal descendant of the legatee, by force of the statute, F.S.A. § 731.20. This is the position taken by other courts who have been presented with the question. 19 A.L.R.2d 1159, at page 1165.
For the above reasons we conclude the court was correct in holding the Hewett doctrine inapplicable.
In Re Levy's Estate, supra, is also inapplicable in that it involved the right of an adopted child to take from his collateral blood relative and did not consider the right of an adopted child to take by substitution from the collateral kindred of his adoptive parent. F.S.A. § 731.20 was not there involved.
In order to determine whether Glenna B. Blaine can take the legacy given to her adopted father, we must interpret the statutes involved and in so doing are directed to the decisions of other states.
Rauch v. Metz, Mo. 1919, 212 S.W. 357 and In Re Martin's Will, (1928) 133 Misc. 80, 230 N.Y.S. 734, are cited as authority for the rule that an adopted child may not take under the anti-lapse statute. We have found that this view has also been taken in McLeod v. Andrews, 1946, 303 Ky. 46, 196 S.W.2d 473; Arnold v. Helmer, 1951, 327 Mass. 722, 100 N.E.2d 886; In Re Russell's Estate, 1925, 284 Pa. 164, 130 A. 319; 19 A.L.R.2d 1169.
In McLeod v. Andrews, Arnold v. Helmer and In Re Russell's Estate the statutes being construed referred to the "issue" of the legatee, and are of little value inasmuch as our statute refers to "lineal descendant," the same wording as is used in the adoption statute.
In Re Martin's Estate, supra, is of little weight as that decision has been strongly criticized by other New York courts. In Re Walter's Estate, 1936, 270 N.Y. 201, 200 N.E. 786. The remaining case of Rauch v. Metz, supra, is likewise weak authority. The adoption statute in effect when this decision was rendered provided that (R.S. Mo. 1909, § 1673) "the child or children adopted shall have the same right against the person or persons executing the same, for support and maintenance and for proper and humane treatment, as a child has, by law, against lawful parents; * * * This provision shall not extend to other parties, but is wholly confined to parties executing the deed of adoption."
This section bears no resemblance to the Florida adoption statute. The Missouri Act has been amended and now states: "When a child is adopted in accordance with the provisions of this article, all legal relationships, and all rights and duties, between such child and its natural parents shall cease and determine. Said child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption, as fully as though born to them in lawful wedlock." R.S.Mo. 1929, § 14079, Rev.St.Mo. 1939, § 9614, V.A.M.S. § 453.090. Apparently, the case of Rauch v. Metz, supra, is no longer law even in the State of Missouri. St. Louis Union Trust Co. v. Hill, 1934, 336 Mo. 17, 76 S.W.2d 685.
In the following cases a testator devised an estate to a beneficiary who predeceased the testator. In each case the beneficiary left an adopted child and in each it was held the adopted child took the share of the deceased adoptive parent. Dean v. Smith, 1938, 195 Ark. 614, 113 S.W.2d 485; Re Tibbetts' Estate, 1941, 48 Cal. App.2d 177, 119 P.2d 368; Re Harmount's Estate, 1949, 336 Ill. App. 322, 83 N.E.2d 756; McCune v. Oldham, 1932, 213 Iowa 1221, 240 N.W. 678; Denton v. Miller, 1922, 110 Kan. 292, 203 P. 693; Warren v. Prescott, 1892, 84 Me. 483, 24 A. 948, 17 L.R.A. 435; Headen v. Jackson, 1961, 255 N.C. 157, 120 S.E.2d 598; Hoellinger v. Molzhon, 1950, 77 N.D. 108, 41 N.W.2d 217, 19 A.L.R.2d 1147; Clark v. Clark, 1913, 76 N.H. 551, 85 A. 758; In Re Walter's Estate, supra; Smallwood v. Smallwood, 1936, 121 N.J. Eq. 126, 186 A. 775; Flynn v. Bredbeck, 1946, 147 Ohio *271 St. 49, 68 N.E.2d 75; In Re Buell's Estate, 1941, 167 Or. 295, 117 P.2d 832; Industrial Trust Co. v. Taylor, 1943, 69 R.I. 153, 32 A.2d 269; Craft v. Blass, 1928, 8 Tenn. App. 498; In Re Estate of Holocombe, 1951, 259 Wis. 642, 49 N.W.2d 914.
Warren v. Prescott, supra, is a leading case on this question. The Maine statutes involved were alike in all material respects to the Florida Statutes referred to above. That court said:
"* * * There is no doubt that a child born in lawful wedlock can so take. But, in this particular, does an adopted child possess the same rights? We think so. * * * And, when an adopted child takes a legacy given by will to one of his adopting parents, he does not take as an heir at law of the parent's kindred. He does not `inherit' the legacy from the testator. "He takes as a lineal descendant of the legatee, by force of the statute. * * * Not as a lineal descendant by birth, but as a statutory lineal descendant, and as lawfully in the line of descent as if he were placed there by birth. It is as competent for the legislature to place a child by adoption in direct line of descent as for the common law to place a child by birth there. And that is precisely what the legislature has done, and what it undoubtedly intended to do, when, in strong and emphatic language, it declared that a legally adopted child becomes, to all intents and purposes, the child of the adopters, the same as if he were born to them in lawful wedlock * * *. This conclusion is, in our judgment, as indisputable as a mathematical demonstration." (emphasis supplied.)
The Oregon case of In Re Buell's Estate, supra, is similar to Warren v. Prescott. For an analysis of the above cases, see: Annot., 19 A.L.R.2d 1159 (1951), and 40 N.C.L.Rev. 650 (1962). See also 2 Am.Jur.2d, Adoption § 91 (1962).
It is clear from a reading of F.S.A. § 72.22 that the legislature intended to place the adopted child as far as possible in the same position as the natural child to all intents and purposes.
Our anti-lapse statute does not require that the person ultimately taking be a lineal descendant of the testator but the lineal descendant of the legatee or devisee named in the will; in the instant case, the adoptive father. There can be no doubt that an adopted child is, by statute, a "lineal descendant" of his adopting parent.
The adopted child does not take by representation as would be the case if the testatrix had died intestate, but takes by substitution by virtue of the anti-lapse statute. To hold that the adopted child is not a "lineal descendant" would be to draw an arbitrary line of distinction between the adopted and natural child when the legislature's express language is to the effect that no discrimination should exist.
We come now to the appellant's final argument. She maintains that the intention of the testatrix controls and that because she devised the property to her blood kindred, she intended only those in the blood line should take. This contention is without merit. If the testatrix wanted only her blood kindred to share in her estate, she could have made the lapse statute inoperative by providing for a gift over in the event one of the legatees should predecease her. If she does not wish the adopted children, if any there should be, of her devisee or legatee to take, then she must make a provision to the effect in her will. Hoellinger v. Molzhon, supra; 2 Am.Jur.2d, Adoption § 91 (1962).
We conclude, therefore, that the adoption statute and the section of the probate law concerning lapsed gifts should be construed together; that "the liberal and enlightened views of the text writers and the decisions of our sister states" should be followed and that the lower court was eminently correct. In Re Frizzell's Estate, *272 Fla.App. 1963, 156 So.2d 558. The order appealed from is, accordingly,
Affirmed.
WHITE, Acting C.J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.