188 So.2d 684 (1966)
STATE of Florida ex rel. Hyman MARTIN, Petitioner,
v.
Allen B. MICHELL, Sheriff in and for Broward County, Florida, Respondent.
Hyman MARTIN, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 642, 671.
District Court of Appeal of Florida. Fourth District.
July 13, 1966.
Rehearing Denied August 2, 1966.
*685 Harold Ungerleider, Miami, for petitioner.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for respondent.
*686 SMITH, Chief Judge.
In case No. 642, a petition for writ of habeas corpus, we issued an order to show cause. The respondent replied by a return suggesting to the court that the cause is now moot. The purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner's present detention. Sneed v. Mayo, Fla. 1953, 66 So.2d 865, Fla. 1954, 69 So.2d 653. Since the respondent no longer claims the right to detain the petitioner in his custody this cause is now moot. An appropriate order will be entered dismissing the petition for writ of habeas corpus. This leaves pending only the certiorari proceedings in case No. 671.
By his petition for writ of certiorari Hyman Martin seeks an order of this court quashing an order of the circuit court denying Martin's motion to quash a subpoena directed to and served upon Martin.
Pursuant to a praecipe made and filed by the state attorney the clerk of the circuit court issued a grand jury subpoena in the name of the state directing the sheriffs of the state to summon Hyman Martin to appear before the Judge of the Circuit Court at the Courthouse in Fort Lauderdale on Wednesday, the 23d day of March, 1966, at 11 o'clock A.M., to testify and in truth to speak in behalf of the State of Florida in a certain matter before the grand jury impaneled and sworn to inquire in and for the body of Broward County. After service of the subpoena Martin moved the court to quash the subpoena upon many grounds all to the ultimate effect that the subpoena directed him to appear before some undesignated judge of the circuit court; that there was no presently existing grand jury organized, convened, impaneled or sworn, either when the subpoena was issued or when the subpoena was served or at the time of the filing of the motion to quash; and that the subpoena was procured to be issued by the state attorney without legal authority and contrary to law. The court denied the motion to quash.
At the hearing on the motion to quash it was established that the fall term of the Circuit Court for Broward County ended on March 7, 1966, at which time the grand jury for that term was discharged. The spring term of that court was attended by a judge of that court on the first day of that term on March 8, 1966, at which time the spring term began. A grand jury for the spring term was drawn and summoned but the grand jury had not been impaneled and the grand jurors had not been sworn. For convenience in terminology we will hereafter refer to this status as a grand jury not yet in existence. Such a grand jury may not, of course, perform any of the duties nor exercise any of the powers of a grand jury. It cannot be said therefore that the state attorney caused this subpoena to be issued to secure this witness to appear before that grand jury not yet in existence, as he is directed to do when "so required by the grand jury" pursuant to F.S.A. § 932.17. In the second part of F.S.A. § 27.04 the state's attorney is allowed the process of the circuit court to summon witnesses to appear before him to testify as to any violation of the criminal law. The subpoena here was not such a command to Martin.
A grand jury has a specially valued place in our system of jurisprudence. It is a common law institution which has no independent existence but is a part of and an adjunct to the court. It is one of the common law institutions specifically retained in our constitution.[1] It occupies the rare status of being one of the few subjects on which the legislature is prohibited from passing local or special laws.[2] The statutory law pertaining to a grand jury is scant, and it does not purport to limit or restrict *687 the historic common law powers of a grand jury.[3]
A state attorney is a constitutional officer.[4] He has certain duties specifically prescribed by law. Among these are a mandatory duty of appearing in the circuit court within his judicial circuit and prosecuting or defending on behalf of the state all suits, applications or motions, civil or criminal, in which the state is a party.[5] Whenever required by the grand jury the state attorney must attend them for the purpose of examining witnesses in their presence or of giving legal advice in any matter before them including preparation of bills of indictment.[6] In addition, when required by the grand jury, he must issue subpoenas and other processes to secure witnesses.[7] The state attorney is the prosecuting attorney in the circuit court within his judicial circuit and with respect to offenses tried in that court other than for a capital crime an information of the state attorney has the effect of an indictment by a grand jury.[8] In addition to the statutory authority of the state attorney to summon witnesses to testify before him contained in the second part of F.S.A. § 27.04, that section provides: "The state attorney shall have summoned all witnesses required on behalf of the state; * * *." At common law it was the duty of the public prosecutor to prepare indictments and submit them together with the witnesses to the grand jury when organized. It was his duty to see that all supposed violations of law were punished, and the beginning of that process was the prosecutor preparing and bringing before the grand jury criminal charges that they might determine whether an indictment should be found or not. It was his duty prior to the organization of the grand jury to have a bill prepared and engrossed and to have the witnesses present to support it.
Both the grand jury and the state attorney are a vital part of the processes for the administration of justice. Their duties are closely interrelated. The statutes in prescribing some of the duties of grand jurors provide that they shall inquire into all indictable offenses triable within the county which are presented to them by the prosecuting attorney.[9] The clerk of the court is required to issue a writ of subpoena directed to any person whose attendance is required as a witness in the court.[10] The vigor of the state attorney in the use of the processes of the court should be sustained and commended in all instances except where the rights of others are impaired or denied.
It is apparent from all of the foregoing that the constitution and statutes impose a duty upon the state attorney to prosecute in the circuit court any and all violations of the criminal laws of which that court has jurisdiction either upon his own information or upon indictment by the grand jury. If any indictment has not been found or any information filed for such an offense, then all indictable offenses triable within the county should be presented to the grand jury by the state attorney. Obviously, the state attorney can only present to the grand jury indictable offenses triable within the county through the process of subpoenaing and presenting witnesses before the grand jury, and it is therefore his duty. If the law imposes a duty upon an officer to accomplish a stated governmental purpose then the law also confers by implication every particular power necessary or proper for complete exercise or performance of the duty that is not in violation of law or public policy. In re Advisory *688 Opinion to the Governor, Fla. 1952, 60 So.2d 285. We know that if the subpoena process of a court commanding the appearance of a witness before a grand jury cannot be lawfully issued until after the grand jury has been impaneled and sworn there will be needless expense and waste of time. The grand jury would be ready for business but there would be no business because there would be no witnesses. We also judicially know that many of the circuit courts of this state have for a period of many years issued subpoenas at the request of the state attorney directed to witnesses to appear before a grand jury which is to be impaneled and sworn at the time the witness is directed to appear. While there is no statute that specifically provides by expressed terms that this may be done, nevertheless, the constitution and statutes imposing the various duties upon the courts, the grand jury and the state attorney also confer by implication the power to have such a subpoena issued and served. The power exists by the common law. None of the provisions of the constitution or statutes of this state or of the United States are inconsistent with that common law.[11] Since there are no statutes specifically authorizing or prohibiting such a subpoena as was issued here, the statutes heretofore noted will not be construed to have changed the common law by implication because such a change by implication is neither necessary nor clearly required to give the expressed provisions of the statutes and the public policy thus established their full force.[12] The issuance and service of the subpoena did not violate any of Martin's rights or any law or public policy. While the question appears to be one of first impression in this state we find comforting precedent for our position in O'Hair v. The People, 1889, 32 Ill. App. 277, the only decision that we find exactly on point. Other decisions on analogous or closely related points are United States v. Culver, D.C. Md. 1963, 224 F. Supp. 419, and United States v. Morton Salt Company, D.C. Minn. 1962, 216 F. Supp. 250.
In support of his contention that the subpoena was issued without authority of law and was therefore invalid and in rebuttal of the state's argument of implied power Martin relies primarily upon the decision in Ex parte Peart, 1935, 5 Cal. App.2d 469, 43 P.2d 334. That case was concerned with a statute very similar to F.S.A. § 932.17; however, the court there noted that under the laws of California the duties of the prosecuting attorney were merely to attend upon and give advice to the grand jury and not to institute proceedings before it. As we have previously noted, the duties of a state attorney in Florida are not so limited.
Certiorari is denied.
ANDREWS, J., concurs.
WALDEN, J., concurs in Case No. 642 and dissents with opinion in Case No. 671.
WALDEN, Judge (dissenting).
What is the factual background of this petition? Essentially, the state attorney on his own motion and without the knowledge, consent or requirement of the grand jury, it being then non-existent, commanded the issuance of a grand jury subpoena under F.S.A. § 932.17, infra, to petitioner, Martin, directing him to appear and testify at a certain time before the grand jury. The trial court seconded by a majority of this court approved this procedure.
*689 The legislature using no uncertain terms provided the method for the issuance of grand jury subpoenas as follows:
"932.17 Grand jury; state attorney to issue subpoena.  Whenever so required by the grand jury, the state attorney shall issue subpoenas and other process to secure witnesses." (Emphasis added).
This clear manifestation of legislative intent forecloses both the need and the possibility for employment of statutory construction. Had the legislature intended the state attorney to have the power to initiate grand jury subpoenas at his own behest, it would have so provided. It has not done so. When the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 1944, 155 Fla. 185, 19 So.2d 799.
The assailed subpoena, designed as a grand jury subpoena under F.S.A. § 932.17, supra, was clearly premature and defective because its issuance was not required by the grand jury. Neither does any other statute exist which would afford legitimacy to the process.
Does the common law give sanctuary? This writer is in nowise persuaded that the common law authorized the happenings here found. Assuming that it did, the comprehensive statutory enactment found in F.S.A. § 932.17, supra, together with the powers afforded the state attorney in F.S.A. § 27.04 (state attorney can summon witnesses to testify before him), invade and fill the field so as to serve as a repealer by implication.
While the state attorney may, whenever required by the grand jury, attend and furnish legal advice, the grand jury is not obliged to accept him as its advisor, or, if it does choose to do so, it is not obligated to follow his advice. Nowhere is it found that the state attorney controls, directs or supervises the decisions and affairs of the grand jury. It follows, of course, that the ultimate decisions as to what matters a grand jury will consider and what witnesses it will choose to call rest solely in the bosom of the grand jury.
In this light it is paradoxical to say the least for the state attorney in advance of the grand jury's birth to order issuance of grand jury subpoenas. Not being clairvoyant, he can only speculate as to what matters the grand jury will choose to consider and what witnesses it will wish to call. While his guesses may be educated they are none the less guesses. Further, there is the possibility that the grand jury's formation will temporarily abort due to challenge or that its call or impaneling will be postponed to the end that no grand jury will be in existence on the subpoena's return date. Thus, the subpoena, instead of being absolute, contains many unwritten conditions, an unpalatable circumstance.
Does it really make any difference? The compulsive features of a subpoena necessarily infringe upon the rights and liberty of a citizen. Thus, because of its seriousness it should be issued in accordance with law and not idly, speculatively or provisionally.
Was the prophecy implicit in the issuance of the subpoena to the effect that the grand jury wished petitioner to testify before it accurate? While this court cannot actually know, it may be fairly inferred that it was inaccurate. Why? At any time during the months that have intervened since its impaneling, the grand jury by the extraordinarily simple expedient of directing the issuance of a subpoena under F.S.A. § 932.17, supra, to petitioner, Martin, could have caused his appearance before it and thereby eliminated his objection, solved the problem and rendered this issue moot. It did not do so. Faced with the clear statutory language and the easy do-it-yourself remedy in case of error, it comes as no surprise that this is a case of first impression in Florida.
If the analysis here made is correct, then who may be considered to have an interest *690 in the prosecution and outcome of this proceeding? The state attorney is without standing to complain for, as here stated, he has no power or responsibility to determine the grand jury witnesses. The grand jury is without basis for complaint because of its failure to date to exercise its statutory prerogative found in F.S.A. § 932.17.
It is true that so far as can be learned there is only one case in point, O'Hair v. The People, 32 Ill. App. 277, decided in 1889, and it does permit the procedure about which complaint is made. It recites three factual reasons in justification at page 281:
"* * * It frequently happens that the grand jury after their organization must remain idle at a heavy expense to the public, waiting for these witnesses to be sent for and brought in, whereas, if attending court, as they would be under the view we take of the law, the sittings of the grand jury would be materially shortened.
"Again, if all the people's witnesses known to the State's attorney were served with subpoenas prior to the term of court, it could usually be performed by the sheriff with his ordinary force of deputies; but if done after the term begins it would require a large force of special bailiffs, thus needlessly enhancing the cost. If the law were to be held in accordance with the view of appellant, it would afford witnesses, who were for any reason anxious to avoid testifying before the grand jury and who had reason to suppose they would be compelled to do so, an opportunity of going beyond the jurisdiction of the court, and so remain during the few days that the grand jury might be in session, and thus entirely defeat the course of justice, not only for one but for as many terms of court as they might desire; for it must be remembered, that according to the law, as insisted upon by appellant, a subpoena for a witness to appear before the grand jury could only be issued during the sitting of such grand jury and returnable to the same session * * *."
Without laboring these conditions, they simply do not obtain today in Florida under our practice and procedure, and I am unable to find any need or justification for the state attorney to independently subpoena a witness to appear before the grand jury.
I dissent by reason of these comments, feeling that the subpoena should have been quashed as its issuance under the circumstances was contrary to public policy, without sanction of law, and violative of the rights of petitioner.
NOTES
[1] Section 10, Declaration of Rights, Constitution of Florida, F.S.A.
[2] Article III, Section 20, Constitution of Florida.
[3] State v. Clemmons, Fla. 1963, 150 So.2d 231.
[4] Article V, Section 6(6), Constitution of Florida.
[5] F.S.A. § 27.02.
[6] F.S.A. § 27.03.
[7] F.S.A. § 932.17.
[8] Section 10, Declaration of Rights, Constitution of Florida.
[9] F.S.A. § 905.16.
[10] F.S.A. § 90.11.
[11] F.S.A. § 2.01 specifically adopts the common and statute laws of England not inconsistent with the Constitution and laws of the United States and the laws of this state. Unless the statute is clear and explicit that it changes the common law, it will not be intended to change the law. Ellis v. Brown, Fla. 1955, 77 So.2d 845.
[12] Dudley v. Harrison, McCready & Co., 1937, 127 Fla. 687, 173 So. 820 (rehearing denied, 128 Fla. 338, 174 So. 729).