238 So.2d 101 (1970)
Milton John GESSNER, Petitioner,
v.
Frank POWELL, Sr., Respondent.
No. 39439.
Supreme Court of Florida.
July 15, 1970.
Lake Lytal, Jr., of Howell, Kirby, Montgomery & D'Aiuto, West Palm Beach, for petitioner.
Harry Lee Anstead, of Simpson & Anstead, West Palm Beach, for respondent.
ROBERTS, Justice.
This cause is before the court on certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Powell v. Gessner, Fla.App. 1970, 231 So.2d 50. We issued the writ because of an apparent conflict in the interpretation of the adoption statute, § 63.151, Fla. Stat. 1969, F.S.A., between the decision here reviewed and that of the District Court of Appeal, Second District, in In re Levy's Estate, Fla.App. 1962, 141 So.2d 803.
The sole issue in the cause sub judice is whether a minor child who has been legally adopted by another has a right of action for the wrongful death of his natural father. In holding that the legal adoption had the effect of removing the child from the category of a surviving "minor child" within the meaning and intent of the Wrongful Death Act, § 768.02, Fla. Stat. 1969, F.S.A., the appellate court said that, except for the right of an adopted child to inherit from his natural parents (which is expressly reserved by the adoption statute) the effect of a legal adoption is to sever completely "every legal and moral tie which theretofore existed between the child and its natural parent or parents." In the Levy case, supra, the sole issue was whether persons who had been legally adopted by others were entitled to an intestate share of the estate of a collateral *102 blood relative. In holding that they were entitled to inherit, the court said that the adoption statutes give new rights to adoptees but do not attempt "to limit or take away rights already in existence with the exception that the natural parent may not inherit from his natural child who has been adopted."
It is clear that, under the express terms of Florida's statute, a decree of adoption has the effect of severing the legal ties between a child and his natural parents, except for the inheritance rights expressly reserved. No other construction of § 63.151, supra, is possible. It reads as follows insofar as here relevant: 
"After the adoption the natural parents, if living, are relieved of all legal duties and obligations due from them to the child and are divested of all rights with respect to the child * * *".
Conversely, after the adoption, the child has no right to and cannot compel his natural parents to provide for his support. Thus, the statement in In re Levy, supra, that the adoption statute does not "limit or take away rights already in existence" must be interpreted in context, namely, with respect to the right of adoptees to inherit from blood relatives as well as from their adoptive parents and adoptive brothers and sisters as expressly authorized by § 731.30, Fla. Stat. 1969, F.S.A. Cf. In re Baker's Estate, Fla.App. 1965, 172 So.2d 268.
Having taken jurisdiction to clarify an inconsistency that might have generated some confusion, we have carefully considered the decision brought here for review and have concluded that it expresses, clearly and succinctly, our views concerning the issue before the court. It is hereby adopted as the opinion of this court.
The writ heretofore issued is, therefore, discharged.
It is so ordered.
ERVIN, C.J., and DREW, THORNAL and CARLTON, JJ., concur.