358 So.2d 1140 (1978)
Eva Lana Caraway DePRYCKER, Linda Ruth Caraway Forshee, Anita Leola Caraway and Bettie S. Caraway, As Guardian of the Property of Howard Wilson Caraway, Jr., a Minor, Appellants,
v.
Myra Jean Whitehurst BROWN and Barnett Bank of Jacksonville, N.A., As Trustee under the Last Will and Testament of Howard W. Caraway, Deceased, Appellees.
No. GG-382.
District Court of Appeal of Florida, First District.
May 11, 1978.
Rehearing Denied June 14, 1978.
*1141 C. Harris Dittmar of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellants.
Paul R. Sanford and Donald C. Wright of Rogers, Towers, Bailey, Jones & Gay, Walter R. Stedeford, Jacksonville, for appellees.
MASON, ERNEST E. (Circuit Judge, (Retired), Associate Judge.
Appellants are the natural children of Howard W. Caraway, now deceased, by his wife of a second marriage. Appellee, Myra Jean Whitehurst Brown, is the natural child of Caraway by his first marriage. Caraway's first marriage ended in divorce and his first wife later remarried. The first wife was granted custody of Myra Jean in the divorce decree entered in 1940. Thereafter, in 1951, Myra Jean was adopted by her mother's second husband. In 1957 Caraway executed a will which specifically named the two eldest daughters of his second marriage, Eva and Linda, as beneficiaries thereunder. The drafter of this will testified at the final hearing herein that he was instructed by Caraway not to include Appellee, Myra Jean, the daughter of his first marriage, as a beneficiary under the will. After the execution of the 1957 will, Caraway's last two children by his second marriage, Anita and Howard, Jr., were born.
In 1962 one Lucius Buck was engaged by Caraway to draw a new will. This will specifically revoked the 1957 will. Caraway had several conferences with Buck in connection with the contents of the new will. In the first conference Caraway identified his children as three daughters and a son, Appellants herein, and discussed with Buck and his partner the creation of four inter vivos trusts, one for each of these four children by his second marriage. These trusts were created and documents executed on June 11, 1962.
During the discussion period between Caraway and his lawyer, to-wit: on February 14, 1962, Caraway's C.P.A. prepared for him and his lawyer an inventory of Caraway's assets and certain personal information pertaining to Caraway in which the four Appellants were named as his children. Caraway's lawyer was not informed of the existence of Appellee Myra Jean, born of the first marriage, nor did he inquire whether Caraway had been married more than once, and, if so, whether there existed issue of another marriage.
The Last Will and Testament of Caraway prepared by Buck contains a residuary clause naming "my children who survive me" as ultimate beneficiaries thereunder. The drafting of this will followed upon the receipt by Caraway of a letter from Buck, his lawyer, making a recommendation for drawing the will and the division of the testator's property between his second wife, Bettie, and "four children". This letter was dated March 6th, 1962, and the will was dated and executed on April 17, 1962.
Following the execution of the will Mr. and Mrs. Caraway implemented the balance of the estate plan prepared by Buck, the *1142 lawyer, by creating on June 11, 1962, four inter vivos trusts, one for each of the four Appellants, children of the second marriage, and conveying certain real property to those trusts. Each of the trusts provided for remainder benefits to the other three children born of the second marriage. The will created a life estate in Bettie, the second wife, and designated the remainder beneficiaries as "my children who survive me". Caraway died in 1969.
On September 21, 1976, Appellants filed this declaratory action seeking in the Circuit Court below a judicial determination of the persons intended by Caraway to receive the benefits of his testamentary trust upon the termination of the widow's life estate. Appellee, Myra Jean Whitehurst Brown, Caraway's adopted-away child by his first marriage, and Appellee trustee, Barnett Bank of Jacksonville, were named as defendants in the suit.
The court below held that the testator's children designated as beneficiaries in Caraway's will are all of his natural children, including Appellee Brown, and that the latter is entitled to share in the benefits of the residuary clause of the will. Hence this appeal.
The resolution of the issue before us, namely, was Appellee one of the surviving children of the testator, Caraway, so as to be a designated beneficiary under the residuary clause of his will, depends upon the answer to another question, and that is whether an adopted-away child of the testator was, at the time of the latter's death, a legal child of such testator for the purpose of testate inheritance. We think this latter question has been answered in the negative by the Supreme Court of this state in Gessner v. Powell, 238 So.2d 101 (Fla. 1970), wherein the court specifically held, in construing Section 63.151 F.S. (1969), a provision of the Adoption Statute of Florida, that
"... a decree of adoption has the effect of severing the legal ties between a child and his natural parents, except for the inheritance right expressly reserved," by the statute.
The statute further provides that
"After the adoption the natural parents, if living, are relieved of all legal duties and obligations due from them to the child and are divested of all rights with respect to the child ..."
It is true that in Gessner the court was dealing with the question of the right of an adopted-away minor child to have a cause of action against a tortfeasor for the wrongful death of his natural father. But certainly the same interpretation of the statute must be made when, as here, the natural child was an adult, both at the time of the execution of the will in question, and at the time of her natural father's death. In neither case was there any obligation of support nor claim upon the beneficent bounty on the part of the natural father toward such adopted child. We therefore hold that Appellee was not one of "my children surviving me" of the testator, Caraway, entitled to participate as a beneficiary under the residuary clause of the latter's will.
It is true that Appellee was a blood-child of Caraway and that he could have included her in his will as a recipient of his bounty, just as he could devise any part of his estate to any person he chose. Having concluded that Appellee is not included in the term "my children surviving me" it is not necessary that we analyze the evidence further to determine if Caraway did in fact intend to include Myra Jean, Appellee herein, as a beneficiary of his estate. However, all of the circumstances surrounding his instructions to his attorney toward the preparation of the will as above recited, taken in conjunction with the fact that he had excluded her specifically in his first will, point to the conclusion that he did not intend in this last will to make her a beneficiary. There is no evidence that his attitude of excluding her as evidenced by his first will had changed at the time of the execution of the second will, the one in question here. There is nothing in the evidence to indicate that he intended to include *1143 her in his last will. We therefore reverse the judgment below and remand with instruction to the trial court to enter a judgment in accordance with the views herein expressed, declaring that only the four children of the deceased's second marriage are beneficiaries of his residuary estate.
It is so ordered.
McCORD, C.J., and BOYER, J., concur.