BROWNING, C.J.
Disposition of this appeal compels this court to answer a question of first impression:
Did the trial court have the discretion to deny the petition for adoption of I.S. and C.S. (children), orphans, filed by G.S. and B.S. (Appellants, and the children’s maternal grandparents), when resisted by T.B. and E.B. (Appellees, and the children’s paternal grandparents), after the trial court determined that Appellants are fit and proper persons to rear the children?
The trial court concluded that it did and denied the Appellants’ petition for adoption, but granted them primary custody of the children and appointed them guardians of the children’s person. Also, the trial court, on Appellees’ guardianship petition, appointed them as the guardians of the children’s property and ordered that Ap-pellees were to have liberal and frequent visitation with the children; if the parties were unable to agree upon a visitation schedule, they were ordered to follow the standard visitation guidelines for the Fourth Judicial Circuit. Appellants seek reversal of that ruling, alleging that the trial court abused its discretion by not entering a final judgment of adoption of the children after finding that Appellants are fit and proper persons to rear the children. We disagree and affirm.
Adoption is strictly controlled by statute, as it did not exist as a part of our adopted common law. See In re Estate of Levy, 141 So.2d 803, 805 (Fla. 2d DCA 1962). Chapter 63, Florida Statutes, controls adoption in Florida. For this appeal the controlling provisions are:
It is the intent of the Legislature that in every adoption, the best interest of the child should govern and be of foremost concern in the court’s determination. The court shall make a specific finding as to the best interest of the child in accordance with the provisions of this chapter.
[[Image here]]
In all matters coming before the court under this chapter, the court shall enter such orders as it deems necessary and suitable to promote and protect the best interests of the person to be adopted.
§ 63.022(2) & (4X1), Fla. Stat. (2006).
JUDGMENT. — At the conclusion of the hearing, after the court determines that *1051 the date for a parent to file an appeal of a valid judgment terminating that parent’s parental rights has passed and no appeal, pursuant to the Florida Rules of Appellate Procedure, is pending and that the adoption is in the best interest of the person to be adopted, a judgment of adoption shall be entered.
§ 63.142(4), Fla. Stat., (2006).
We conclude from these provisions that in adoption proceedings, the legislature vested broad discretion in the trial courts of this state to determine the best interest of children sought to be adopted, and did not limit the traditional trial court’s discretion, as maintained by Appellants. Here the trial court heard extensive testimony relating to the children’s best interest and concluded their best interest compelled that the adoption should be denied. We cannot hold that this is an abuse of discretion.
We do not take lightly the compelling argument advanced by Appellants that a permanent family unit established by the adoption process is a highly desirable goal and, in most cases, advances the best interest of the children sought to be adopted. We merely hold that Chapter 63 does not require a trial court to enter a final judgment of adoption upon a determination that the persons seeking adoption are fit to rear the child, to the exclusion of other factors that impact the child’s best interest and might dictate, in the discretion of the trial court, a disposition other than adoption. If a trial court’s discretion is to be limited, as Appellants maintain here, it must be done by the legislature, not by this court.
AFFIRMED.
WOLF, J., Concurs With Opinion.
THOMAS, J., Dissents With Opinion.